# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DORRENE SOKN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-1122 |
| | ) |
| FIELDCREST COMMUNITY UNIT SCHOOL DISTRICT NO. 8, an Illinois Local Governmental Entity, RANDY VINCENT, Superintendent in His Individual and Official Capacities, JOE KIRKPATRICK, President of the Board of Education in His Individual Capacity, THOMAS BARTH, Vice President of the Board of Education in His Individual Capacity, TAMMI COONS, Secretary of the Board of Education in Her Individual Capacity, SCOTT HILLENBURG Member of the Board of Education in His Individual Capacity, GREG KROESCHEN, Member of the Board of Education in His Individual Capacity, HEIDI COOK, Former Member of the Board of Education in Her Individual Capacity, TIM MCNAMARA, Member of the Board of Education in His Individual Capacity, DANIELLE REICHMAN, Member of the Board of Education, in Her Individual Capacity, and LINDA REIGNIER, Former Member of the Board of Education in Her Individual Capacity | ) |
| | ) |
| Defendants. | ) |

## OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 21), Memorandum in Support (Doc. 22) and Motion to File Amendment to Defendants' Memorandum in Support of Motion to Dismiss (Doc. 23).[1] Also before the Court is, Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 25), Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing (Doc. 26) and Defendants' Response to Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing (Doc. 28). For the following reasons, Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing is DENIED, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED.

## BACKGROUND

On December 27, 2010, Plaintiff, Dorrene Sokn, filed her Amended Complaint against Defendants. (Doc. 13-1). Prior to initiating this lawsuit, Plaintiff was employed as Principal of Fieldcrest Elementary School South ("Fieldcrest Elementary") from July 1, 2007 through June 30, 2010. (Doc. 13-1 at 2). Plaintiff has now brought claims against Defendants for violations of the Equal Pay Act, 29 U.S.C. § 206 *et. seq.* ("EPA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.* ("Title VII"); the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV; Civil Rights Act of 1871, 42 U.S.C. §1983;

---

[1] In this Motion to File, Defendant seeks to file an amended Memorandum in Support of their Motion to Dismiss, which includes a table of contents pursuant to Local Rule 7.1(B)(1). As the proposed amendment does not in any way change the substance of Defendant's original Memorandum in Support, this Motion to File (Doc. 23) is GRANTED.

Illinois Human Rights Act, 775 ILCS 5/1-102 *et. seq.* ("IHRA"); and Illinois Whistleblowers Act, 740 ILCS 174/1. (Doc. 13-1 at 9-18).

On February 25, 2011, Defendants filed their Motion to Dismiss seeking to have Plaintiff's claims dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 21). Defendants attached a March 24, 2010 email sent by Plaintiff to Superintendent Randy Vincent to their Motion to Dismiss. (Doc. 21). On May 10, 2011, Plaintiff filed Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing (Doc. 26), alleging that the email attached to Defendants' Motion to Dismiss was outside the scope of the pleadings and therefore, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Motion to Dismiss should be converted to a Rule 56(f) Motion for Summary Judgment. On June 3, 2011, Defendant filed a Response to Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing. (Doc. 28).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(d), if on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. However, if the document is referred to in the plaintiff's complaint, the defendant is allowed to submit the document to the court, and the court may consider it, without converting it to Rule 56. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (*citing Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 (1st Cir. 1991); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim upon which relief can be granted. *Limestone Dev. Corp. v. Village of Lemont Ill.*, 520 F.3d 797, 797 (7th Cir. 2008). To state a proper claim, the plaintiff must make a plausible, rather than a merely speculative claim for relief. *Id.* The plaintiff must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests. *EEOC v. Concentra Health Serv.*, 496 F.3d 773, 776 (7th Cir. 2007) *(quoting Bell Atlantic v. Twombley*, 127 U.S 1955, 1964 (2007)).

The court accepts facts and reasonable inferences in the plaintiff's complaint as true. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, the court is not bound to accept a legal conclusion couched in the plaintiff's complaint as a fact. *Ashcroft v. Iqbal*, 129 U.S. 1937, 1957 (2009). Furthermore, when the plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint does not sufficiently show that the pleader is entitled to relief "above a speculative level." *Concentra*, 496 F.3d at 776 (*citing Bell Atlantic*, 127 U.S at 1965, 1973).

Moreover, while the court should construe the complaint in the light most favorable to the plaintiff, the court should not ignore facts set forth in the complaint that either undermine the plaintiff's claim or give weight to unsupported conclusions of law. *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). Therefore, if a court finds that the plaintiff's complaint does not

establish a set of facts that support the relief sought, the court must dismiss the complaint. *McCormik v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

According to the applicable legal standard, all allegations contained in Plaintiff's Amended Complaint are taken as true for purposes of determining the instant Motion to Dismiss. *See Tamayo*, 526 F.3d at 1081. As such, the facts relevant to Plaintiff's claims are as follows. From July 1, 2007 through June 30, 2010, Plaintiff was employed as Principal of Fieldcrest Elementary. (Doc. 13-1 at 4). In addition to administrative duties, she taught special education classes for the first two years, and provided intervention as needed for the third year. (Doc. 13-1 at 5). Plaintiff was the only female administrator employed in the Fieldcrest School District ("the District") during that time. (Doc. 13-1 at 5). When she became Principal, Fieldcrest Elementary had been without a full-time principal for several years. (Doc. 13-1 at 5). During that time period, Fieldcrest Elementary staff members became unsatisfied with their working conditions and were uncooperative. (Doc. 13-1 at 5). During Plaintiff's employment, the District did not provide her with health benefits, which were paid to the male principals, because of benefits she was receiving from her spouse's employment. (Doc. 13-1 at 6). Additionally, Plaintiff's salary was less than Mr. Demay (Principal at Fieldcrest West) and Mr. Lapp (Principal at Fieldcrest High School), but was more than Mr. Roberts (Principal at Fieldcrest East). (Doc. 13-1 at 6).

On July 6, 2009, Superintendent Vincent informed Plaintiff that she would receive a 1% increase whereas the other principals received an average of a 4% increase. (Doc. 13-1 at 7). Prior to that time, Plaintiff had been involved in numerous discussions about her performance and her inability to resolve the growing number of conflicts among the staff members at Fieldcrest Elementary (Doc. 13-1 at 7-8). By March 30, 2010 the Fieldcrest Community Unit School Board ("School Board") had decided not to renew Plaintiff's employment contract after Superintendent Vincent recommended her non-renewal. (Doc. 13-1 at 8).

Defendants assert that Plaintiff's claims should be dismissed because Plaintiff has failed to adequately state a claim upon which relief can be granted for unequal pay. (Doc. 21 at 2). Additionally, Defendants argue that Plaintiff's retaliation claims under Title VII and the IHRA should be dismissed because the alleged protected conduct cannot have motivated what she alleges to be a retaliatory discharge, because the decision not to rehire her was made prior to the alleged protected conduct. (Doc. 21 at 2). Plaintiff's state law discriminatory pay and retaliatory discharge claims should also be dismissed for the same reasons that her federal claims should be dismissed. (Doc. 21 at 2). Furthermore, Plaintiff's retaliation claim under the Illinois Whistleblower Act, 740 ILCS 174/1, should be dismissed because such a claim is preempted by the IHRA, 775 ILCS 5/1-102 and because the Whistleblower Act provides Plaintiff no remedy based on the facts alleged in the Amended Complaint. (Doc. 21 at 2).

I. **Rule 56(f) Motion to Deny Application For Summary Judgment or Continue Hearing**

Federal Rule of Civil Procedure 12(d) states, "if on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, if the document is referred to in a plaintiff's complaint then the defendant is allowed to submit the document to the court, and the court is allowed to consider it, without converting it to a Rule 56. *Tierney*, 304 F.3d at 738 (*citing Romani*, 929 F.2d at 879; *Branch*, 14 F.3d at 453-54).

Plaintiff alleged in her Amended Complaint that on March 24, 2010, she sent an email to the School Board complaining about discrimination, which motivated her non-renewal. (Doc. 13-1 at 8). Defendants attached this email to their Motion to Dismiss, along with an affidavit of Superintendent Vincent (the recipient) for authenticity. (Exhibit A). Since the email was mentioned in Plaintiff's Amended Complaint, it was not outside the scope of the pleadings and there is no basis for conversion. Accordingly, Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing (Doc. 26) is DENIED.

## II.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) states, "a motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim upon which relief can be granted." *Limestone Dev. Corp.*, 520 F.3d at 803. The plaintiff must make a plausible, rather than a speculative claim for relief in order to survive a motion to dismiss. *Id.* A claim is

facially plausible "when [Plaintiff] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. 1937, 1949-50 (2009). Essentially, the plaintiff must describe the claim in sufficient detail so that the defendant is put on fair notice of the claim and the grounds upon which the claim rests. *Concentra*, 496 F.3d at 776 *(quoting Bell Atlantic*, 127 U.S at 1964).

**A. Federal Claims**

**1. Equal Pay Act**

Section 206(d) of Chapter 29 of the United Stated Code prohibits "employers from discriminating against employees on the basis of sex, by paying employees less than it pays other employees of the opposite sex for equal work; except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of product; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d).

To establish an EPA *prima facie* case, Plaintiff must show: 1) higher wages were paid to male employees, 2) for equal work requiring substantially similar skill, effort and responsibilities, and 3) the work was performed under similar working conditions. *Fallon v. State of Ill.*, 882 F.2d 1206, 1208 (7th Cir. 1989) (*citing Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).

Defendants argue that Plaintiff's EPA claim must fail because Plaintiff has failed to plead the existence of sex discrimination based on Plaintiff's salary and

8

those of the other principals in the District. (Doc. 23-1 at 4). Defendants contend that not all the principals in the District are similarly situated. (Doc. 23-1 at 6). Defendants allege that the high school principal was paid more than Plaintiff because the high school had more students, more staff members, and problems with high school students are more complex than problems with elementary school students. (Doc. 23-1 at 6). Additionally, Defendants contend that no discovery is necessary to discover these facts because Plaintiff admitted to them in her Amended Complaint. (Doc. 13-1 at 6-7). If one were to eliminate the high school principal from the equation, Plaintiff's salary would fall in the middle of her male counterparts. (Doc. 13-1 at 6-7). She was more highly paid than Principal Roberts, and less highly paid than Principal Demay. (Doc. 13-1 at 6-7). Defendants contend that since Plaintiff was paid more than half of her "true" counterparts, her EPA claim is not plausible. (Doc. 23-1 at 7).

Plaintiff responds that she has pled sex discrimination because she alleged that, as a result of her being female, she was paid substantially less in salary and benefits than her male counterparts in violation of the EPA. 29 U.S.C. § 206(d). (Doc. 25 at 7). The Court does not need to determine the merits of this allegation. Instead, the Court needs only to determine whether Plaintiff described her claim in sufficient detail to give Defendants fair notice of the claim and the grounds upon which it rests. *See Concentra*, 496 F.3d at 776 *(quoting Bell Atlantic*, 127 U.S at 1964).

Here, Plaintiff has pled that Defendants paid her substantially less than her

male counterparts because she is a woman. (Doc. 13-1 at 18). Additionally, she has pled that she did not receive health benefits from the District because of benefits provided to her by her spouse's employment. (Doc. 13-1 at 6). The Court finds that Plaintiff's allegations are no more than conclusory statements, which do not allow the Court to draw a reasonable inference that Plaintiff's discrimination claim is facially plausible. Plaintiff has failed to provide enough factual information, which would allow the Court to conclude that Plaintiff was actually discriminated against based solely on her sex. Instead, Plaintiff has only provided the salaries of all the principals in the District in an effort to allege sex discrimination. (Doc. 13-1 at 6-7). This is not sufficient because as the empirical evidence shows, Plaintiff was not the lowest paid principal in the District, even though she was the only woman principal, and therefore has failed to allege factual information which would raise a reasonable inference that Defendants are liable. As such, Plaintiff's factual determinations are in direct conflict with the claim she is alleging and she has essentially pled herself out of this claim. Accordingly, the Court finds that Plaintiff has failed to adequately state a claim under the EPA.

### 2. Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964, prohibits "employers from failing to hire or refusing to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-1. Additionally, Title VII makes it unlawful for

an employer to discriminate against an employee for making charges, testifying, assisting, or participating in enforcement proceedings. 42 U.S.C. § 2000e-3. A Title VII claim for gender-based discrimination in pay differs from an EPA claim in that Title VII requires intentional discrimination. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 640 (2007). To establish a prima facie case of sex discrimination under Title VII, an employee must show that: (1) she was a member of a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the employer treated a similarly situated man more favorably. *Cullen v. Ind. University Bd. of Trustees*, 338 F.3d 693, 704 (7th Cir. 2003).

### a. Unequal Compensation Claim

Defendants argue that Plaintiff's Title VII claim must fail because Plaintiff has failed to plead the existence of intentional gender discrimination based on Plaintiff's salary and those of the other principals in the District. (Doc. 23-1 at 8). Defendants argument is essentially the same as that under the EPA, that Plaintiff cannot be compared to every other principal in the District because they are not similarly situated and that there are many other non-discriminatory factors which could explain the pay discrepancies, especially since no two principals received the same salary. (Doc. 23-1 at 8). Additionally, given the context and the complexity of Plaintiff's Title VII claim, she has not pled enough factual information to meet the plausibility standard. (Doc. 23-1 at 8).

Plaintiff responds that she has pled gender discrimination because she

alleged that, as a result of her being a female, she was paid substantially less in salary and benefits compared to male counterparts in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000. (Doc. 25 at 10-12).

The Court finds that Plaintiff fails to meet the plausibility standard. Specifically, she has failed to provide enough factual information, which would allow the Court to conclude that Plaintiff was paid less than her male counterparts because she is a woman and that no other factor played a role in these events. Once again, Plaintiff has only provided the salaries of all the principals in the District in an effort to allege gender discrimination. (Doc. 13-1 at 6-7). This is not sufficient to survive a motion to dismiss because as the empirical evidence shows, she was not the lowest paid principal in the District, even though she was the only woman principal. This evidence is in direct conflict with Plaintiff's allegations. As such, she has effectively pled herself out of this claim. Accordingly, Plaintiff has failed to state a claim under Title VII for sex discrimination based on unequal compensation.

**b. Retaliation Claim**

Defendants argue that Plaintiff's March 24, 2010 email clearly shows that by the time Plaintiff sent the email to the School Board, Superintendent Vincent had already decided to recommend the non-renewal of Plaintiff's employment contract. (Doc. 23-1 at 10). Defendant argues that Plaintiff's purpose in sending the email was chiefly to argue against Superintendent Vincent's decision. (Doc. 23-1 at 10). Therefore, the adverse employment decision Plaintiff alleges retaliatory, her non-renewal, had already been made by Superintendent Vincent and recommended to

the School Board for its approval when Plaintiff sent the email. (Doc. 23-1 at10).

Plaintiff argues that the District's refusal to renew her employment contract was not only intentional gender discrimination, but also retaliatory, based upon the fact that she reported and sought remedy for sex discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000. (Doc. 13-1 at 18). Plaintiff's only factual evidence of retaliation is that she sent an email on March 24, 2010, in which she alleges sex discrimination and then six days later her employment contract was not renewed. (Doc. 13-1 at 8).

The Court finds that Plaintiff is unable to make a plausible claim under Title VII for retaliation. The School Board made the decision to not renew Plaintiff's employment contract prior to receiving the March 24, 2010 email; the email establishes that her employment contract was not renewed prior to her sending the email.[2] (Doc. 13-1 at 7-8; Exhibit A). As such, this email directly contradicts Plaintiff's retaliation claim. Therefore, as Plaintiff's email establishes, the decision to not renew her employment contract could not have been in retaliation of Plaintiff's March 24, 2010 email. Accordingly, the Court finds that Plaintiff has failed to adequately state a claim under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000.

**3. Civil Rights Act of 1871 (42 U.S.C. § 1983)**

Plaintiff brought a claim under Chapter 42 of the United States Code Section 1983, alleging a violation of her Fourteenth Amendment rights. The Supreme Court and the Seventh Circuit have held that the equal protection clause contains a

---

[2] Notably, her employment contract had been renewed twice prior to 2010.

"federal constitutional right to be free from gender discrimination" that does not "serve important governmental objectives" and is not "substantially related to those objectives." *Bohen v. City of East Chi., Ind.*, 799 F.2d 1180, 1185 (7th Cir. 1986) (*quoting Huebschen v. Dept. of Health and Social Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983).[3]

Plaintiff argues that the District, acting through its policy making agents who each personally participated in the decision to pay Plaintiff substantially less than male principals, intentionally deprived Plaintiff of her liberty and property contrary to her right to be free from sex discrimination by state actors guaranteed her by the Fourteenth Amendment. (Doc. 13-1 at 19-20). Here, Plaintiff has pled that Defendants (state actors) violated her Fourteenth Amendment right when they made the decision to pay Plaintiff substantially less that her male counterparts. (Doc. 13-1 at 19).

The Court finds that Plaintiff has once again failed to establish a plausible allegation.[4] She has failed to provide enough factual information, which would allow the Court to conclude that Plaintiff was deprived of her liberty and property solely because she is a woman. Accordingly, the Court finds that Plaintiff has failed to adequately state a claim under the Fourteenth Amendment.

**B. State Claims**

  **1. Illinois Human Rights Act**

---

[3] Defendants did not address this claim in their Amended Memorandum in Support of Motion to Dismiss.
[4] In fact, Plaintiff's Complaint shows that she was paid more than one male counterpart.

The IHRA makes it unlawful for "any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102. The IHRA also prohibits employers from retaliating against a person because she opposed what she believed to be unlawful discrimination, or because she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act. 775 ILCS 5/6-101.

### a. Unequal Compensation Claim

To establish a *prima facie* case of sex discrimination under the IHRA, an employee must show that: (1) she was a member of a protected group; (2) she performed her job satisfactorily; (3) her employer subjected her to disparate pay despite the adequacy of her work; and (4) a similarly situated male employee was compensated at a much higher rate. *Northtown Ford v. Ill. Human Rights Com'n.*, 171 Ill.App.3d 479, 487 (4th Dist. 1988).

Defendants argue that the same defect that sinks Plaintiff's Title VII pay claim, a lack of meaningful comparables, defeats her IHRA claim as well. (Doc. 23-1 at 11). Plaintiff responds that she did plead intentional sex discrimination, when she alleged that the District paid her substantially less in salary and benefits than her male counterparts, in violation of §§ 1-102(A) and 5/1-201(A) of the Illinois Human Rights Act. 775 ILCS 5/1-102; 5/1-201(A)(2008). (Doc. 25 at 13-14). Here, Plaintiff has pled that Defendants paid her substantially less than her male

counterparts because she is a woman and this was in violation of the IHRA. (Doc. 13-1 at 19).

The Court finds that Plaintiff fails to meet the plausibility standard. Specifically, she has failed to provide enough factual information, which would allow the Court to conclude that Plaintiff was paid less than her male counterparts because she is a woman and that no other factor played a role in these events. Once again, Plaintiff has only provided the salaries of all the principals in the District in an effort to allege gender discrimination. (Doc. 13-1 at 6-7). This is not sufficient to survive a motion to dismiss because as the empirical evidence shows, she was not the lowest paid principal in the District, even though she was the only woman principal. This evidence is in direct conflict with Plaintiff's allegations. As such, she has effectively pled herself out of this claim. Accordingly, Plaintiff has failed to state a claim under the IHRA for sex discrimination based on unequal compensation.

**b. Retaliation Claim**

The IHRA contains an anti-retaliation provision similar to that provided by Title VII. In order to establish a prima facie case of retaliation under the Human Rights Act, an employee must show that: (1) she was engaged in a protected activity; (2) her employer committed a material adverse act against her; and (3) a causal nexus existed between the protected activity and the adverse act. *Stone v. Dept. of Human Rights*, 299 Ill.App.3d 306, 315 (4th Dist. 1998) (*citing McDonnell Douglas*, 441 U.S. 792, 802 (1973).

Defendants contend that Plaintiff's March 24, 2010 email, standing alone,

demonstrates no causal link. (Doc. 23-1 at 11). Plaintiff argues that the School District in refusing to renew her employment contract was acting in retaliation of her reporting and seeking remedy for sex discrimination in the form of her salary and benefits being substantially less than those of male principals in violation of § 6-101(A) of the IHRA.

The Court finds that Plaintiff's March 24, 2010 email contradicts her claim based on retaliation under the IHRA. As such, she has effectively pled herself out of this claim. Therefore, Plaintiff has failed to state a claim under the IHRA for retaliation.

**2. Illinois Whistleblowers Act**

The Illinois Whistleblowers Act prohibits the "retaliation against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of State or Federal law, rule, or regulation." 740 ILCS 174/1.

A plaintiff can establish a *prima facie* case of discrimination by demonstrating that (1) she disclosed information in a court, administrative hearing, or before a legislative commission or committee; (2) she had reasonable cause to believe that the information discloses a violation of a State or Federal law, rule or regulation; and (3) she suffered an adverse employment action. 740 ILCS 174/15.

Defendants argue that Plaintiff's Whistleblower claim must fail because employment related discrimination, including retaliation, falls exclusively within

the domain of the IHRA. (Doc. 23-1 at 12). In enacting the IHRA, the Illinois General Assembly created a comprehensive statutory scheme to regulate employment discrimination under state law. (Doc. 23-1 at 12). Claims for retaliation allegedly motivated by complaints of sex discrimination fall squarely within that scheme. (Doc. 23-1 at 12). As a result, Plaintiff's retaliation claim under the Whistleblower Act is preempted by the IHRA. (Doc. 23-1 at 12).

Plaintiff responds that she has pled retaliatory conduct because she alleged that the District, in refusing to renew her employment contract, retaliated against her for reporting and seeking remedy for sex discrimination in the form of her salary and benefits being substantially less than those of her male counterparts. (Doc. 25 at 13-14). Plaintiffs only proof of that conduct is a conversation with Superintendent Vincent and several emails that she sent to the School Board. (Doc. 13-1 at 7-8).

Here, Plaintiff has pled that the decision not to renew her employment contract was in retaliation of her March 24, 2010 email. (Doc. 13-1 at 7-8). The Court finds that Plaintiff has failed to establish a plausible allegation under the Illinois Whistleblowers Act. The Illinois Whistleblowers Act only protects and employee when that employee discloses information in a court, administrative hearing, or before a legislative commission or committee. *Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F.Supp. 2d 1051, 1054 (N.D. Ill. 2007) (an individual qualifes as a whistleblower only if he or she reports allegedly unlawful activity to some governmental authority or agency). Here, Plaintiff only wrote an email to the

School Board alleging gender discrimination. (Doc. 21). Therefore, this allegation is not sufficiently plausible to withstand a motion to dismiss. Accordingly, the Court finds that Plaintiff has failed to adequately state a claim under the Illinois Whistleblowers Act.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to File Amendment to Defendants' Memorandum in Support of Motion to Dismiss (Doc. 23) is GRANTED. Plaintiff's Rule 56(f) Motion to Deny Application for Summary Judgment or Continue Hearing (Doc. 26) is DENIED, Defendant's Motion to Dismiss (Doc. 21) is GRANTED and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.

Entered this <u>24th</u> day of June, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
