UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dorrene Sokn, ) | | |
|     Plaintiff ) | | |
| ) | | |
|     v. ) | 10-1122 | |
| ) | | |
| Fieldcrest Community Unit School District, ) | | |
| Et al, ) | | |
|     Defendants ) | | |
| ) | | |

**ORDER**

Now before the Court are the Plaintiff's motion to compel and to extend the scheduling deadlines (#51); and the Plaintiff's Motion to amend the amended complaint (#53). As stated herein, the motion to compel is GRANTED IN PART AND DENIED IN PART, and the motion to amend is GRANTED.

I. MOTION TO AMEND

The motion to amend was filed on November 30. Defendant has not filed opposition to this motion. The Court therefore presumes there is no opposition and rules without further notice.

The motion is GRANTED. The reasons given for the need to amend are sufficient to justify allowing the amendment. Plaintiff is directed to file the Fourth Amended Complaint within 7 days of this date.

II. MOTION TO COMPEL

  A. Background

The following summary of facts is taken from the Plaintiff's Fourth Amended Complaint. Plaintiff is a 53 year old woman who was the principal of Fieldcrest Elementary School South, in Minonk, Illinois from July 1, 2007 through June 30, 2010. The 3 years of

1

her contract as principle are referred to in the complaint as Years 1, 2 and 3, and that terminology is adopted herein for its simplicity.

The principals at the District's only other three schools were men, Doug Roberts, Jim DeMay, and William Lapp. None of them had teaching assignments while acting as principal. In contrast, Sokn taught special education classes during Years 1 and 2 and provided intervention for general education students as needed during Year 3.

All three of the male principals had contracts that included health benefits valued at $12-13,000 per year. In 2007, when Sokn was offered the position as principal, the proposed contract did not include any health benefits; when she questioned that omission, she was told that her salary would be reduced by $12,500 if she wanted them. She elected not to receive them, relying on her husband's ability to obtain and pay premiums to cover her through his employer.

Two of the three male principals' annual amounts of pay (excluding the value of health benefits) were greater than hers. With only one exception (DeMay in Year 2), the annual percentage of salary increase for the men was greater than for Sokn for both the second and third years.

On March 30, 2010, the School Board voted not to renew Sokn's contract. This occurred after a year of discussions in which Sokn attempted to schedule a meeting with the Board to discuss her performance and goals, a meeting that the Board President and the School Superintendent refused to schedule.

She disputes all of the reasons given for the Board's decision, alleging that it, along with the differences in the terms of her employment, was motivated by gender discrimination. She alleges violations of Title VII, the Equal Pay Act, and the Civil Rights Act, as well as violations of the Illinois Human Rights Act, the Illinois Whistleblower's Act, and the Illinois School Code.

This case was filed on April 30, 2010 naming as Defendants the former Superintendent and the ten present School Board members. More than two years later, on May 2, 2012, Plaintiff retained new counsel. By that time, original counsel had conducted no discovery and Defendants had not yet tendered their Rule 26(a) initial disclosures. Although there was an initial effort to resolve the case through the efforts of Magistrate Judge Byron Cudmore, that effort was unsuccessful, largely due to the lack of discovery.

On July 2, 2012, Plaintiff served interrogatories and a request for documents on each of the eleven Defendants. No timely responses to that discovery were made, and defense counsel did not respond to Plaintiff's counsel's letters regarding the status of that discovery. Plaintiff filed a motion to compel. Defendant responded that the motion was essentially moot, attaching unsigned answers to the interrogatories and promising the response to the document request "shortly." Two weeks later, Plaintiff received signed interrogatory answers.

On Nov. 5, the District responded to the request for documents; there were no responses from the individual defendants. The response included a number of objections. The instant motion to compel seeks responses from the individual defendants and addresses the objections raised in the District's response to the document requests.

B. Pertinent legal standards

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1).

District courts enjoy broad discretion in controlling discovery, *McCarthy v Option One Mortgage Corp.,* 362 F3d 1008, 1012 (7th Cir 2004), and in settling discovery disputes. *Corley v. Rosewood Care Center, Inc.,* 142 F3d 1041, 1052 (7th Cir 1998), cited in *United States v. Dish Network LLC,* 754 FSupp2d 1004, 1008 (CD Ill 2011). See, *Central States, SE*

*& SW Areas Pension Fund v Waste Management of Michigan, Inc.,* 674 F3d 630, 636 (7th Cir 2012).

Generally, any relevant matter is discoverable unless it is privileged. The party opposing discovery has the burden of showing that interrogatories are overly burdensome, *Trane Co. v. Klutznick,* 87 FRD 473 (WD Wis.1980); or that the requested discovery is not relevant. *Flora v. Hamilton,* 81 FRD 576 (MDNC1978). See, *Golden Valley Microwave Foods, Inc. v Weaver Popcorn Co., Inc.,* 132 FRD 204, 212 (ND Ind 1990).

According to the Supreme Court, Rule 26(b)(1) is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 US 340 (1978). A request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the subject matter of the action. *In re Folding Carton Antitrust Litigation,* 83 FRD 251, 254 (ND Ill 1978); 3 P. Rosenberg, *supra* p. 16.

At the same time, "discovery, like all matters of procedure, has ultimate and necessary boundaries. Discovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Oppenheimer*, 437 US at 351-52. The breadth of the relevancy concept should not be misinterpreted so as to allow "fishing expeditions in discovery." *United States v. Lake County Bd. of Commissioners,* 2006 WL 1660598, * 1 (ND Ind).

The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome, irrelevant or otherwise impermissible under Rule 26. See, e.g., *Wauchop v Domino's Pizza, Inc.*, 138 FRD 539, 545 (ND Ind 1991); *EEOC v Rexnord Industries, LLC*, 2012 WL 2525652, *6 (ED Wis); *NDK Crystal, Inc. v Nipponkoa Insurance*

*Co.*, 2011 WL 43093, *4 (ND Ill). A general reference to an objection is not enough; rather, the objecting party must do more, such as stating the reasons for the objection. FRCP 34(b)2)(B), (C). See, for example, *Graham v Casey's General Stores*, 206 FRD 251 (SD Ind 2002), holding that the objecting party must state the reasons why a request does not fall within the scope of Rule 26.

  C. Responses from the individual defendants

In its response to this motion, the District states that its response was intended as the response for all of the individuals as well. The individual Defendants do not, according to the District, maintain any of the documents sought by Plaintiff in the document request. To clarify this matter, the response to the motion states that the individual Defendants will serve on plaintiff a notice that they are adopting the District's document production as their own.

Assuming that the aforementioned notice has now been served, I find that this part of the motion to compel is denied. The individual Defendants cannot produce what they do not have in their own possession, and any effort by them to obtain the documents from the District would be purely duplicative and hence unduly burdensome.

  D. Objections to Document Request No. 1

Request No. 1 sought the contracts and related documents for all school district administrators from January 2003 to the present. Defendant objected that the request "is overly burdensome and oppressive, intrusive into the personal privacy of individual and irrelevant to any issue in this case."

Plaintiff asserts that the "burdensome and oppressive" objection is not made with specificity; that the privacy concerns are addressed by the protective order in this case; and that the documents are relevant because "this is an employment discrimination case in which the employment terms and treatment of other comparators is crucial." Plaintiff also points out

5

that the request is narrowly focused, in that it is temporally limited and only seeks information about administrative positions.

Defendant responds that the complaint identifies the three comparators and that all the requested documents have been produced for those three individuals for the period of time during which Plaintiff was employed by the District. Because Plaintiff has identified no reason why such a lengthy time frame – 4-1/2 years before she was hired and 2 years after she left – or for non-Principal administrators, Defendant stands on its relevance and burdensome objections. The response does not address the privacy issue in this context, although it is addressed in Request No. 6, and I find that the argument made there applies here as well, namely that the Plaintiff, her counsel, her family, other witnesses are members of the same very small community as are these administrators, so even full compliance with the protective order would compromise these administrators' privacy interests.

The key to much of this dispute is the meaning of "similarly situated." For while it is true that Plaintiff has identified three comparators in her complaint – all principles like she – this is discovery, and if there are other non-principal administrators who meet the definition of similarly situated, so that they too may be considered comparators, then the relevance objection falls to the wayside.

Similarly situated employees are those who are "directly comparable … in all material respects." *Patterson v. Avery Dennison Corp.*, 281 F3d 676, 680 (7th Cir 2002). Factors the court should consider include whether the employees deal with the same supervisor; whether they were subject to the same employment standards; and whether they have comparable experience, education and qualifications. *Id*. The Patterson court found that an employee who holds an "entirely different position" than the plaintiff could not be a comparator. *Id.*

In *Coleman v. Donahoe*, 667 F3d 835 (7th Cir 2012), the Court of Appeals stated:

[T]he similarly-situated inquiry is flexible, common-sense, and factual. It asks "essentially, are there enough common features between the individuals to allow a meaningful comparison?" *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 405 (7th Cir.2007), *aff'd,* 553 U.S. 442 (2008). There must be "sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination." *Id.* In other words, the proposed comparator must be similar enough to permit a reasonable juror to infer, in light of all the circumstances, that an impermissible animus motivated the employer's decision.

*Id* at 841.

Neither party has given the Court any information about the non-principal administrators in question. It is not possible for the Court to determine if these individuals are or might be similarly-situated. Based on general knowledge, however, it appears to the Court that an administrator who is not a principal would fall into one of two categories: a state-certified administrative employee whose job duties are performed in a school building and everyone else. In the former case, any "administrator" would be subservient to and hence not comparable to the principal in significant ways; and in the latter, the job duties and qualifications would appear to be so vastly different that the positions would not be comparable.

At the same time, one of Plaintiff's primary issues in this case is the District's failure to offer her paid health benefits. In that respect, it would appear immaterial whether the non-principal administrators are similarly situated or comparators. If the District offered paid

7

health benefits to everyone except the plaintiff or to all male certified administrators but not to women in similar positions, that would certainly be relevant information even if the administrators were not directly comparable to the Plaintiff. The district is therefore directed to provide to Plaintiff the names of any non-principal administrative employee employed by the District from January 1, 2003 to the present whose employment benefits did *not* include health benefits.

Beyond that specific issue, however, I do not see any way in which the employment contracts and other employment related documents of non-principal administrators are relevant to Plaintiff's claims that she was treated differently than the other principals in the District. Comparing her salary, for example, to those paid to non-principal administrators would be meaningless, because there are so many significant differences in duties, qualifications, work schedules, supervisors, and the like. Whether it is because these differences mean that these administrators are not "similarly situated" or because they mean that the information sought is not relevant, the documents sought are not discoverable.

That said, if Plaintiff is able to identify any non-principal, state-certified administrator as to whom she can make a reasoned argument that he or she is similarly situated to her, the Court will reconsider this question[1]. At this time, because I conclude the request is irrelevant as to any administrator other than the other three principals (whose records have already been produced), the motion to compel is denied except as to the limited information directed above.

---

[1] In some circumstances, it might be unfair to require the plaintiff to make such identification. In this case, I do not believe it is. This is a small school district, and Plaintiff was employed in several different capacities for a number of years. She is cognizant of who the administrators are and basically what their roles were during the years of her employment. It is not an onerous burden to require the Plaintiff to make the initial identification and determination of her comparators under these facts.

8

E. Request No. 2

In this request, Plaintiff asked for "any and all School District Board of Education …. Meeting minutes, closed-session minutes, resolutions, agendas and other documents memorializing or reflecting Board meetings or Board decisions from January 1, 2003 to the present." Defendants responded that the minutes from July 2010 to the present "are available on the Defendant's District's website."

Plaintiff points out that closed and executive session minutes are not posted on the website[2]. These sessions are apparently tape-recorded, as Plaintiff asserts that the District is in possession of audio recordings of such meetings, and audio recordings fall with the definition of "documents." While some audio recordings were produced, others were withheld and some were redacted.

Defendant responds that, while it has already produced records of personnel discussions regarding plaintiff while she was employed by the District, they are not obligated to produce records of closed session minutes or recordings from after July 2010. The Illinois Open Meetings Act, 5 ILCS 120/1 et seq, allows closed-session discussion of personnel matters and imminent or pending litigation. 5 ILCS 120/2(c)(i), (ii). Plaintiff's employment terminated on March 30, 2010, and this lawsuit was filed on April 30, 2010.

Although this case arises under Federal law, comity "impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Memorial Hospital for McHenry County v Shadur*, 664 F2d 1058, 1061 (7th Cir 1981). Where a state has held out "the expectation of protection to

---

[2] Plaintiff wisely makes no effort to obtain the records that are publicly available. FRCP 26(b)(2)(ii).

its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule." *Id.*

This state privilege has been held to apply in federal litigation. See, *Tumas v Board of Education of Lyons Township High School District #204*, 2007 WL 2228695 (ND Ill). The *Tumas* court did not specifically discuss why that is so, simply concluding that "Illinois law provides the basis for a state privilege." I agree with that conclusion. Plaintiff has identified no substantial cost to any federal policy by allowing deliberative boards to discuss pending litigation behind closed doors, while the cost to state policy is obvious, simply by virtue of the existence of this statute. To allow discovery in federal litigation of material that is so clearly protected under state law would eviscerate the state's reasoned policy. This I decline to do.

I find that Plaintiff is not entitled to minutes or recordings from closed or executive sessions following the date on which she filed this lawsuit. Her motion to compel those documents is therefore denied.

F. Request No. 6

Plaintiff's Request No. 6 asked for production of the complete personnel files of "all School District principals, superintendents, vice-principal, dean of students, or state-certified administrative positions from January 1, 2003 to the present." She asserts that these files are relevant because they "are the comparators of the Plaintiff." Defendant objected that this would "constitute a massive invasion of privacy of the personnel listed above, and provide no relevant or admissible evidence."

Once again, the Court disagrees with Plaintiff that these are comparators. No such finding has been made, and the argument in favor of such a finding is far from apparent on the surface. Until such time as the court is satisfied that these individuals are or are likely to be comparators, the relevance of the documents is highly questionable.

A government employee has a cognizable privacy interest in his or her personnel file. *Beck v. Department of Justice*, 997 F2d 1489 (7th Cir 1993). Personnel files contain sensitive and confidential information that has nothing to do with this case, such as medical history, family records, disciplinary actions, and social security numbers. Absent a finding of relevance, this privacy interest remains paramount.

Plaintiff's assertion that the privacy concerns are alleviated by the protective order puts the cart before the horse. Unless the documents are relevant, she is not entitled to them at all, so the protective order does not come into play. Should Plaintiff believe that a reasoned argument can be made that one or more of these individuals is or may be a comparator, she may file a motion directed to that issue and the Court will consider the matter. Until such time, however, as the Court finds that there are comparators other than the three principals already identified, Plaintiff is not entitled to these files, and the motion to compel is denied.

G. Request No. 15

In this Request, Plaintiff seeks everything – documents, minutes, closed session minutes, correspondence, emails, memos, letters, recordings, other documents or communications – regarding the resignation, departure, or termination or the "suggested" resignation of any "principal, superintendent, vice principal, dean of students, or any other state-certified administrative position from July 1, 2007 to the present." Defendant objected

11

to the request on the grounds of privacy and disputed whether this information would lead to any admissible or relevant information. Plaintiff asserts that

> "the manner in which other administrators left the employment … when compared to the Plaintiff bears directly on her claims. Plaintiff's contract was non-renewed without even allowing her an opportunity to speak with the Board, prior to its expiration. Other administrators may have been given more favorable treatment, female administrators mistreated, or any number of facts leading to relevant information."

Once again, Plaintiff is assuming that these individuals may rightly be considered comparators. As stated before, that finding has not been made and does not at present appear likely. Moreover, a less intrusive method of discovery is possible, namely an interrogatory asking for the identification of all such individuals who resigned, departed or were terminated. They would then be available for interview or deposition to see if their experiences support the Plaintiff's hypothesis that someone might exist who was treated better than was Plaintiff. With more than a mere wholly unsubstantiated hope, the confidential documents which Plaintiff seeks from the District might well be discoverable. But the release of all this confidential information based on nothing more than a hope is far more burdensome and intrusive than the Rules of discovery allow.

H. Request No. 16

Plaintiff requests all documents, recordings, reports, investigations, and correspondence "reflecting or regarding the facts or investigation into the facts regarding, leading to, or surrounding the resignation and/or suggested or requested resignation of School

12

District principal Jim DeMay from Fieldcrest West." Defendant once again objects on the grounds of privacy and relevance.

DeMay is one of Plaintiff's comparators. Plaintiff asserts that she has been told by current and former District employees that he was allowed to resign under circumstances constituting grounds for immediate dismissal for cause. She asserts that he was therefore treated more favorably than she was. Defendant asserts that the reasons he left "have nothing to do with Plaintiff's claim."

Defendant's assertion is not responsive to the request. Even if the reasons he left are totally different than the reasons Plaintiff left, the process surrounding the departure is relevant to Plaintiff's claim that she was denied the opportunity to meet with the Board and have her concerns addressed. If the Board utilized an entirely different procedure when it dealt with DeMay, that may be relevant or may lead to relevant information. Defendant shall produce these documents to Plaintiff's counsel subject to the extant Protective Order (#50).

Privacy concerns are clearly implicated here, and they are not adequately addressed by that protective order. In addition to the provisions of that Order, it is ordered that the documents produced in accordance with this Order are to be produced "For Attorney's Eyes Only."  Plaintiff's counsel shall not reveal the contents of these documents to his client or to any other person, including consulting and retained experts, without further order of this Court. If at any time Plaintiff intends to use the documents produced in a dispositive motion or a response or reply thereto, or at trial, Plaintiff shall provide notice to Defendant at least 21 days before using the document of her intent to use it and shall efile the notice. If Defendant opposes the use of any such identified document, a motion for protective order shall be filed

within 14 days after receipt of the notice. Defendant shall contemporaneously with the filing of that motion file the disputed documents under seal pursuant to Local Rule 5.10.

I. Request No. 17

In this response, Plaintiff seeks all documents of "complaints, evaluations, criticisms, or other documents reflecting or regarding the job performance or personal conduct of School District Employee Linda Bradbury, including her complete personnel file, from July 1, 2003 to the present." Bradbury is the District employee who made the complaints about Plaintiff on which the District relied, in whole or in part, in their decision not to renew her contract. Plaintiff asserts she has the right to see "how the conduct of the complainants was treated by the District." She does not explain why that is so or whether there are facts suggesting that Bradbury received favorable treatment or unfavorable treatment following her complaints about Plaintiff. The relevance of these documents is marginal at best. This request is denied.

III. CONCLUSION

As stated herein, the motion to amend is GRANTED and the motion to compel is GRANTED IN PART AND DENIED IN PART. The information that Defendant has been ordered to produce shall be produced within 21 days of this date.

ENTERED: Monday, January 07, 2013

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATED MAGISTRATE JUDGE