E-FILED
Friday, 18 October, 2013  02:19:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Dorrene Sokn, )
    Plaintiff )
     )
           v. ) Case No. 10-1122
     )
Fieldcrest Community Unit School District )
No. 6, et al, )
    Defendants )

# ORDER AND
# REPORT AND RECOMMENDATION

Now before the Court is the Plaintiff's Motion for Default and Sanctions (#97). The District Judge has referred the motion for default and sanctions to me for a Report and Recommendation. As stated herein, I recommend that the motion be DENIED.

Also pending are the following motions: 3 motions for leave to file replies (#99, 105, and 111); Plaintiff's motion for leave to file an amended complaint (#96); a motion to compel (#106); and a motion for extension of the discovery schedule (#107). The motions are fully briefed. All of the motions for leave to file replies are GRANTED. The motion for leave to file an amended complaint is GRANTED IN PART AND DENIED IN PART. The motion to compel is DENIED. The motion to extend the schedule is set for telephone hearing as stated herein.

## I. BACKGROUND

On April 30, 2010, Plaintiff Dorrene Sokn filed suit against the Fieldcrest Community Unit School District No. 6 and the individual District Board Members (referred to cumulatively herein as "District" unless the context demands more specific identification). She alleges that the District paid her substantially less than her male counterparts and retaliated against her when she complained by refusing to renew her

1

contract. By July 13, 2010, all defendants had been served and had appeared in the case.

On Sept. 1, 2010, the Rule 16 scheduling conference was held. Based on the parties' agreed schedule (See Doc. #12), the Court ordered, *inter alia*, that all discovery be completed by Nov. 8, 2011. (See Minutes of 9/1/10). Thereafter, Plaintiff filed an amended complaint, and then a second amended complaint, both of which generated motion practice that was not fully resolved until February 27, 2012. (See Order, Doc. #41). In the interim, Defendants moved for an extension of the original schedule. A hearing on that motion resulted in, inter alia, an extension of the discovery deadline to June 1, 2012. (See minutes of 2/23/12). A third amended complaint was filed on March 12, 2012; in response to this complaint, Defendants filed an answer (Doc. #45).

The parties then requested the Court's assistance in attempting to settle the case, and in May, mediation efforts began. During the settlement process, discovery was stayed by the judge conducting the settlement conference. The settlement conference, however, was cancelled when new attorneys entered their appearance for the Plaintiff and determined that efforts at settlement were premature. A subsequent scheduling conference set a deadline of December 14, 2012 for completion of fact discovery. (See minutes 6/12/12).

In the 15 months following that last scheduling conference, there have been multiple disputes about discovery. These disputes have centered in part on tape recorded[1] sessions of closed Board meetings. Plaintiff's first motion to compel (#47, filed on 9/26/2012) included that issue. In the response to that motion (#48, filed 10/15/2012), the District stated that it had "produced all of the closed session minutes and tapes in their

---

[1] These tapes were made on a micro-cassette recorder. The recorder itself no longer existed, so in order to listen to the tapes, defense counsel sent them to a vendor for conversion to a CD.

2

possession during which plaintiff was discussed." (# 54 p.5-6). Defense counsel also stated that he was willing to sign an affidavit stating that he had reviewed all of the tapes, had isolated those that pertained to the Plaintiff and had turned them over. (# 54 at p.6). Based in part on that response, the Court found the motion moot.

On May 31, 2013, Plaintiff's counsel sent a letter (Exh. B) to defense counsel, noting that there had been no production of 14 audio recordings of closed sessions during which the Plaintiff or issues potentially relating to her were discussed. Plaintiff's counsel contended that, based on minutes from open sessions, these recordings must exist.

Defense counsel responded via email (Exh. A) on June 2, 2013, stating:

[R]egarding the request for tapes in your letter of May 31, 2013, the only additional tape I have is from March 2009. No tapes were retained from earlier than January 2009. The tapes from before January 2009 had been recycled before the lawsuit was filed. You should have the March 23, 2010 tape already….I don't find anything on a tape from April 2010 about the plaintiff, despite the Minute reference. Regarding the March, 2009 tape, it's very short. It's actually a discussion about Doug Roberts that morphs into some discussion about the plaintiff, which I guess is why we missed it. I'm fed-exing that to you today.

Defense counsel inquired again of his clients about tapes from April of 2010, because he had none in his possession. The District Superintendent located one such tape. That tape was taken to a deposition the following day, and defense counsel advised Plaintiff's counsel that he would have it converted to CD and then sent to him. The deposition then went forward, although it was not completed on that date; completion of that deposition has not yet been accomplished.

Later on that same day, Plaintiff's counsel advised that he had never received the March tape and that the April tape should be reproduced as soon as possible. Tracking of the shipment of the March tape was undertaken, and shipper was unable to determine why the

3

package had not been timely delivered. This information was conveyed to Plaintiff's counsel, who reported that he had finally received the package containing the March tape.

As to the April 2010 tape, the vendor responsible for converting it to CD reported that the quality of the tape was too poor to transcribe but it was able to convert it to CD. The CD was sent to defense counsel who reviewed it for privilege and relevance. Although the poor quality made it difficult to hear, the CD did contain about 15 minutes of discussion about the new principal, Doug Roberts, who would be replacing Plaintiff for the 2010-2011 school year[2]. Defense counsel had the 15 minutes put onto a CD, and the CD was sent to Plaintiff's counsel.

A second motion to compel, coupled with a motion to extend the fact discovery deadline, was filed by Plaintiff (Doc. #51) on Nov. 9, 2013. That motion sought in part to compel production of all tapes of closed sessions. The Court found that Plaintiff was not entitled to any tapes or minutes from closed sessions after this lawsuit began. (See Order #55) While that Order was amended in part (See Order #65), the ruling regarding the tapes was not amended.

Plaintiff asserts that no minutes have been produced that reflect a Board vote of approval for destruction of the tapes being sought. In addition, Plaintiff has specifically deposed the Board Members about their recollection, and none of them can recall having voted to destroy any of the closed session audio recordings.

## II. PENDING MOTIONS

Plaintiff has filed a motion for default and sanctions. In the 42 pages of that motion, Plaintiff contends that the District should be sanctioned – by entry of default or otherwise - because it has withheld or destroyed recordings that should have been

---

[2] The decision to replace Plaintiff with Roberts had been made the preceding month.

produced and has attempted to conceal these actions by making false or misleading statements to the Court. Plaintiff also contends that the deposition conduct of the individual Defendants and their attorney should be sanctioned. Needless to say, Defendants dispute all of these accusations.

Plaintiff has also filed a motion to amend the complaint, seeking to add new claims based on the allegedly destroyed tapes, namely a claim for violation of the Illinois Open Meetings Act and a claim for negligent spoliation of evidence. Defendants oppose this motion, stating that adding the new counts would be futile.

Plaintiff has also filed another motion to compel and for sanctions. This motion has nothing to do with the tapes. Instead, Plaintiff asserts that a second set of interrogatories was served, responses to which were due on August 3, 2013. When no answer was received by September 3, a letter was faxed to defense counsel, demanding responses by September 10. Defense counsel did not respond to that letter, so on Sept. 11, this motion was filed. Plaintiff asks the Court to compel responses and to sanction the District for its conduct. Defendants contend that the responses have now been served so the motion is moot, and that sanctions are not warranted.

Finally, Plaintiff has filed another motion to extend the discovery deadline by two months, based on the ongoing disputes. Defendants agree that discovery should be extended for that amount of time. Because such an extension would require amendment of the entire schedule in this case, the motion is set for hearing as stated in the Conclusion of this Order.

Before going to the merits of these motions, it is necessary to address the tone of these motions, responses and replies. Plaintiff's counsel and Defendants' counsel are

respected professionals who appear to have let emotions get the better of them in this case. These documents are replete with unnecessary adjectives, embellishments, and accusations, some directed at opposing parties and some at opposing counsel. The hyperbole is unnecessary, unpersuasive, irrelevant, and the lack of civility needlessly raised the level of contention in the case. All of the issues before the Court could and should have been presented by laying out the facts and allowing the Court to draw its own conclusions.

As for the rulings contained in this Order, such language and tone are wholly disregarded. The Court will not, however, entertain further unprofessional pleadings. In the future, counsel are expected to behave, speak and write in a civil and objective manner, both towards each other and before the Court.

### III. REPORT AND RECOMMENDATION AS TO MOTION FOR DEFAULT AND SANCTIONS

Plaintiff asserts that the District should be sanctioned – by default or otherwise – for destroying a number of tapes of closed-session meetings[3] at which the Board discussed Plaintiff or matters related to her. Plaintiff's argument blends without appropriate distinction several legal theories, namely the litigation hold doctrine and the Open Meetings Act, as well as the Board's own retention policy.

Two bases for sanctions are asserted: the litigation hold doctrine and the Illinois Open Meetings Act. The litigation hold doctrine states that when a party first reasonably foresees that litigation is reasonably anticipated, it is required to suspend routine policies governing how documents (broadly defined) are destroyed and to put into place a

---

[3] The dates of these sessions are, according to Plaintiff, any session after October of 2008 (Motion p.5), as well as tapes of sessions for which Board Minutes indicate that Plaintiff was or may have been discussed (November and December 2008 and March 2009).

litigation hold. *Kirgan v FCA LLC*, 2013 WL 1500708 (CD Ill), citing *Krumwiede v Brighton Associates, LLC,* 2006 WL 1308629, at *8 (ND Ill), citing *Zubulake v UBS Warburg LLC,* 220 FRD 212, 218 (SDNY 2003). This extends to all evidence that is discoverable under FRCP 26. See *Wiginton v Ellis,* 2003 WL 22439865, at *4 (NDIL).

Plaintiff filed this suit on April 30, 2010, and Defendants were served in June of that year. Once service was effected[4], there can be no dispute that the litigation hold was in place and that the District was under a legal obligation to suspend routine document destruction policies. Conversely, the litigation hold doctrine did not prohibit destruction of any tape (or other document) predating the date of service in June of 2010.

The tapes in question all predated June of 2010. Destruction of those tapes did not run afoul of the litigation hold doctrine. To the extent Plaintiff seeks sanctions for violation of the litigation hold doctrine, I recommend that the motion for sanctions be denied.

Plaintiff also asserts that violation of the Illinois Open Meetings Act, 5 ILCS 120/1 *et.seq.* (herein, "OMA") (and apparently under the District's policy, which is said to mirror the OMA) forms a basis for imposition of sanctions. Under the OMA, public bodies such as the District are required to keep audio recordings of all closed session meetings for a minimum of 18 months from the date of the recording. *Id* at 120/2.06(c). In order to destroy these tapes after the 18 months has expired, the public body must approve the destruction of a particular recording and approve the minutes of the closed meeting as required by section 120/2.06(a).

---

[4] Plaintiff has provided no evidence that Defendants reasonably knew of the possibility of this litigation prior to the date of service. Plaintiff's assertion that the litigation hold doctrine required preservation of evidence prior to this date is unsupported.

7

A private citizen may pursue remedies for violation of the OMA by initiating a civil action in state court prior to or within 60 days after the meeting in issue or within 60 days of the discovery of a violation by the State's Attorney. 5 ILCS 120/3(a). Defendant asserts that any claim for violation of the OMA is time barred, because Plaintiff's motion for sanctions was filed more than 60 days after the meetings that were reflected in the allegedly destroyed tapes.

In *Kyle v Morton High School*, 144 F3d 448 (7th Cir 1998), the school had failed to record a closed session. Eight months later, the plaintiff filed a civil claim for that violation. The *Kyle* Court concluded that the claim was time-barred because the opportunity to request any remedy under the OMA had expired 60 days after the meeting. *Id* at 453.

In the case now before this court, the alleged violation of the OMA did not occur at the meetings themselves (which took place in November and December of 2008, March of 2009, and April of 2010) but rather when the tapes were destroyed. The problem is that no one can say when the destruction occurred. In their depositions, the individual Defendants all admitted that they had no idea when the tapes were destroyed. There are no minutes reflecting that the Board voted to destroy the tapes, so there is no way of knowing precisely when that destruction took place. Although defense counsel asserts that it was before this litigation began, there is no evidence to support that assertion. Plaintiff learned of the destruction on June 21, 2013. This motion was filed on August 21, 2013, less than 60 days after that discovery. Such a claim is not, therefore time barred, as Defendants assert.

The question remains, however, whether a violation of the OMA can or should subject the District to sanctions in this federal action. I conclude that the answer is no, because both the remedy and the relief for such a violation is found in the OMA itself. As to the remedy, the injured party "may bring a civil action in the circuit court for the judicial circuit in which the alleged noncompliance has occurred…" 5 ILCS 120/3(a). The remedy does not lie with this Court.

Moreover, the relief sought by the Plaintiff – namely sanctions in a federal lawsuit - is not authorized by the OMA, which defines the relief that can be granted as follows:

> (c) The court, having due regard for orderly administration and the public interest, as well as for the interests of the parties, may grant such relief as it deems appropriate, including granting a relief by mandamus requiring that a meeting be open to the public, granting an injunction against future violations of this Act, ordering the public body to make available to the public such portion of the minutes of a meeting as is not authorized to be kept confidential under this Act, or declaring null and void any final action taken at a closed meeting in violation of this Act.
>
> (d) The court may assess against any party, except a State's Attorney, reasonable attorney's fees and other litigation costs reasonably incurred by any other party who substantially prevails in any action brought in accordance with this Section, provided that costs may be assessed against any private party or parties bringing an action pursuant to this Section only upon the court's determination that the action is malicious or frivolous in nature.

5 ILCS 120/3(c) and (d).

Nothing in either of these quoted sections would authorize this federal court to provide relief in the nature of a sanction in federal civil litigation. To the extent that Plaintiff seeks sanctions for violation of the OMA, I recommend that the motion be denied.

Plaintiff also complains that Defendants and/or defense counsel "withheld" evidence, namely the tape that was discovered in June of 2013. Plaintiff opines that this was a deliberate act, supported by no evidence other than defense counsel's earlier

9

statement to the Court that he had reviewed all the tapes and turned over everything that related to Plaintiffs. Obviously, at the time the statement was made, defense counsel had no way of knowing that the missing tape existed; his client did not locate it until much later. There is similarly no evidence that the client's failure to locate the tape at an earlier time was somehow deliberate misconduct.

The federal rules specifically provide for supplementation of discovery when a party learns that a prior response was incomplete or incorrect. Unless supported by more than speculation, supplementation is not sanctionable. Here there is nothing more, and the late production of the missing tape is not subject to sanctions.

Because there is no basis for imposition of sanctions, I recommend that the motion be denied in its entirety.

### IV. ORDER ON MOTION TO AMEND

In this motion, Plaintiff asks leave to file claims for violation of the OMA and for negligent spoliation of evidence. No proposed amended complaint is attached to the motion. While Defendants assert that the better practice is to proffer such proposed amendment, this is not a requirement. The purpose of that requirement is so the Court can see the nature of the proposed amendment. The extensive briefing on this matter as well as the procedural history in this case enables the Court to state with confidence that Defendants and the Court are perfectly able to ascertain the nature of the proposed amendments. The Court will not deny the motion on that basis.

Defendant opposes the motion, stating that it would not survive a motion to dismiss, making the proposed amendments futile. See, *Foman v Davis*, 371 US 178, 182

(1962); *Bogie v Rosenberg*, 705 F3d 603, 608 (7th Cir 2013); *Park v City of Chicago*, 297 F3d 606, 612-13 (7th Cir 2002).

With respect to a negligent spoliation of evidence claim, Plaintiff would have to plead and be able to prove that Defendants were under a duty to preserve evidence. *Dardeen v* Kuehling, 821 NE2d 227 (IL 2004), citing *Boyd v Travelers Insurance Co.*, 652 NE2d 267 (IL 2001). No such duty exists generally, but it may arise "through an agreement, a contract, a statute, or another special circumstance" but only if "a reasonable person in the defendants' position should have foreseen that the evidence was material to a potential civil action."

The litigation hold doctrine created no such duty, because, as held in Section III above, the tapes in question predated the service of the complaint in this matter. That doctrine cannot form the basis for a spoliation claim.

The Court has not decided the question whether a negligent spoliation of evidence claim lies based on alleged violations of the OMA (or violations of the Board's own policy, a mirror of the OMA), a very different question than the question whether this Court can impose sanctions based on a violation of the OMA.[5] I find that the OMA did create the type of duty that is at issue here. Nevertheless, I must also consider whether the Defendants should have foreseen that the tapes in question were material to this litigation. Unfortunately, that question is unanswerable at this point in time, because (as mentioned above) no one knows when the tapes were destroyed. If they were destroyed after this litigation began, then the answer is obvious: it was foreseeable that the tapes were

---

[5] Defendants repeat their argument that a spoliation claim based on the OMA would be time barred. For the same reason that a request for sanctions would not be time barred, neither would a spoliation claim be time barred.

11

material. If they were destroyed before this lawsuit was filed and served, however, then it was not reasonably foreseeable that the tapes were material.

Because the evidence presented to the Court at this time does not show that the claim would be futile, the motion to amend is GRANTED. Plaintiff is given leave to file an amended complaint that is consistent with this Order. Said complaint shall be filed within 14 days of this date. Because the Court has already considered Defendant's futility argument, Defendants are to file their answer to the amended complaint within 14 days after the amended complaint is filed. The Court will not consider motions to dismiss the new claim. If appropriate evidence exists or is learned, the issue can be raised at summary judgment.

## V. ORDER ON MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff asserts that she served supplemental interrogatories on 2 of the individual Defendants (Tammi Coons and Randy Vincent) and on the District on July 3, 2013. No responses had been received by September 3, the date on which Plaintiff's counsel sent a letter to defense counsel requesting production within 7 days. Defense counsel did not respond to the letter and did not provide responses to the discovery requests. As a result, this motion was filed on September 11, asking that the discovery responses be compelled and that sanctions be imposed.

Defendants state that the motion is moot because answers have now been filed. To that extent, Defendants are correct. However, the fact that responses were served after September 11 does not resolve the issue of sanctions.

Defendants argue that sanctions should not be awarded because Plaintiff's counsel declined to produce Plaintiff for her resumed deposition until the Court addressed the

issues in the Motion for Default and for Sanctions (which had not, at that time, been filed). Defendants construe Plaintiff's refusal to set the deposition as a unilateral declaration that discovery was suspended.

Even if Defendants' characterization of Plaintiff's demand might be accurate, no party can unilaterally suspend discovery; that would require an order. So the Plaintiff's demand does not excuse the Defendants themselves from complying with their discovery obligations under the Federal Rules. Nor does it excuse the lack of civility in failing to respond to communication from opposing counsel. Nonetheless, the Court declines to enter sanctions, because Plaintiff's conduct is subject to criticism as well. Plaintiff's single, unilateral demand for responses falls short of a good faith effort to resolve the matter without court involvement. Moreover, Plaintiff's position – that she need not sit for her deposition until the Defendants finished their discovery – was unjustified. One parties' failure to complete discovery does not justify the other party's refusal to live up to her obligations under the discovery Rules. Because both parties are at fault here, no sanctions will be awarded.

Both parties are once again cautioned that future conduct in this vein will not be tolerated. Counsel and parties are expected to conduct themselves professionally and civilly, and must fulfill their obligations under the Rules and pursuant to Orders of this Court. The Court assumes that no further motions for sanctions will be necessary.

## CONCLUSION

As stated herein, I recommend that the motion for default and sanctions [#97] be denied. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this

Report and Recommendation. FRCP 72(b)(1); 29 USC636 (b)(1)(B). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Video Views Inc. v Studio 21, Ltd.,* 797 F2d 538 (7th Cir 1986).

All of the motions for leave to file replies [#99], [#105] and [#111] are GRANTED.

The motion for leave to file an amended complaint [#96] is GRANTED IN PART AND DENIED IN PART. The Plaintiff shall file an amended complaint as directed herein within 14 days of this date, and Defendants shall file their answers within 14 days thereafter.

The motion to compel and for sanctions [#106] is denied.

The motion to extend the schedule [#107] is set for telephone hearing on November 4, 2013 at 10:00 AM. (Court to set up the call). By close of business (3 days before the hearing) the parties are to have submitted an *agreed* proposal for the completion of discovery and filing of dispositive motions.

ENTERED: October 18, 2013

                              s/ John A. Gorman

                              JOHN A. GORMAN
                     UNITED STATES MAGISTRATE JUDGE