# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DITRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DORRENE SOKN,<br>    Plaintiff,<br><br>v.<br><br>FIELDCREST COMMUNITY UNIT<br>SCHOOL DISTRICT NO. 6, et al.<br>    Defendants. | No. 1:10-cv-01122 |

### Order

On April 29, 2014, the Plaintiff filed a motion under seal. ([D. 145](#)). The Defendant's Response is due May 8, 2014, and the motion is set for a hearing on May 19, 2014.

Local Civil Rule 5.10(A)(2) states that "[t]he Court does not approve the filing of documents under seal as a general matter," and any motion to file a document under seal "must include an explanation of how the document meets the legal standards for filing sealed documents." The Plaintiff neither sought leave to file the motion under seal nor provided an explanation of how the motion met the standards for filing documents under seal.

The Court presumes that the Plaintiff filed the motion under seal out of an abundance of caution, given that the motion addresses discovery material covered by the Protective Order entered by the Court on November 2, 2012. ([D. 50](#)). However, the Seventh Circuit Court of Appeals in *[Baxter International v Abbott Laboratories](#)*, [297 F3d 544 (7th Cir 2002)](#) explained at length the general policy behind courts' disfavor of parties filing documents under seal. Although a protective order may properly safeguard the confidentiality of disclosures made between parties, the interests of maintaining confidentiality between parties during the discovery phase of a case and the interest of the public's right of access to court proceedings and documents is quite different. See *[Grove Fresh Distributors v Everfresh Juice Co.](#)*, [24 F3d 893, 897 (7th Cir 1994)](#). In other words, what may be properly included in a protective order between the parties should

not necessarily be hidden from the public when a party seeks to introduce such evidence into the official court record in the case.

The Parties are therefore DIRECTED to file, on or before May 15, 2014, a Memorandum explaining why or why not the Motion (D. 145) should not be unsealed by this Court. The Parties are also DIRECTED to comply with Local Rule 5.10(A)(2) for all future filings.

Entered on May 8, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE