UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DORRENE SOKN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No:   10-cv-1122 |
| | ) | |
| v. | ) | |
| | ) | |
| FIELDCREST COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NO. 6, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE**

Now Comes the Plaintiff, DORRENE SOKN, by and through her attorneys, Kingery Durree Wakeman & O'Donnell, Assoc., and moves *in Limine* for entry of the following orders:

**First Motion in Limine –Exclusion of Doug Roberts and Gerilyn Wells**

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order to enforce the Court's prior Order striking and barring Defendants' witnesses Doug Roberts and Gerilyn Wells from testifying in this matter, and in support thereof states as follows:

1.  On June 30, 2014, Plaintiff filed a "Motion to Strike and Bar re: June 24 Witness Disclosures," (Doc. No. 154) relating to the late disclosure of two of Defendants witnesses, Doug Roberts and Gerilyn Wells, six-months after discovery had closed.

2.  On August 6, 2014, Hon. Magistrate Judge Hawley heard arguments on the Motion and granted the Motion. That same day, the Court entered a Minute Entry for the proceedings, stating: "Motion 154 GRANTED with reasons for ruling stated on the record." (Minute Entry 08/06/2014) No appeal of the Magistrate's ruling was filed.

3.  Defendants have listed both Doug Roberts and Gerilyn Wells on their trial witness lists despite both being previously stricken and barred by the Court.

4.	Plaintiff prays the Court enforce its prior Order striking and barring Doug Roberts and Gerilyn Wells as witnesses in this cause.

WHEREFORE, for the foregoing reasons, Doug Roberts and Gerilyn Wells should be excluded as witnesses.

**Second Motion in Limine – Exclusion of "Rebuttal" Witnesses**

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order to exclude Defendants' "rebuttal" witnesses, and in support thereof states as follows:

1. On February 14, 2014, Plaintiff filed a "Motion to Strike and Bar Defendants' Witnesses" for failure to disclose any subjects of testimony for any of Defendants' witnesses. (Doc. No. 135)

2. On April 8, 2014, Hon. Magistrate Judge Hawley heard arguments on the Motion and granted the Motion in part. (Doc. No. 144)

3. The Court's ruling struck numerous witnesses, with a Minute Entry of April 21, 2014 modifying which witnesses were stricken. The Court's Order and Minute Entry struck witnesses based on their witness number in the Defendants' Rule 26 disclosures. The following witnesses were stricken:

    A. Michael Brown

    B. Michelle Butler

    C. Deborah Cargill

    D. Emily Furrow

    E. Donna Hartzler

    F. Dana Knoerle

    F. Laurel Matter

    G. Judith McNamara

    H. Cassandra Owens

    I. Barbara Petri

    J. Amy Rossman

  K. Danielle Smith

  L. Elizabeth Strack

  M. Stefanie Weber

  N. Gisele Gorski

  O. Pauline Murray

  P. Susan Rotkowski

  Q. Frank Sauder

  R. Kathy Sullivan

 4. The Court's Order contained the following language regarding these witnesses: "The Defendants may, however, call such witnesses in rebuttal with leave of the Court. The Motion is DENIED with respect to the remaining witnesses listed in the original Rule 26(a)(1) Disclosure who have not already been deposed, to the extent that the Defendants are directed to supplement their Rule 26(a)(1) Disclosures by April 15, 2014 in accordance with the requirements of the Rule." (Doc. No. 144)

 5. In the Defendants' Second Amended Rule 26(a)(1)(A)(i) Disclosure, all of these witnesses were listed. However, the only subject of testimony listed for each one was "Subject: rebuttal." (Exhibit A)

 6. Defendants have listed all of these stricken witnesses on their trial witness list.

 7. All of these witnesses are or were at one time employees of the Defendant School District. Despite the Defendants claiming their testimony is "rebuttal," these witnesses would be offered solely for the purposes of bolstering the District's defense of having a non-discriminatory reason for Plaintiff's removal or to cast doubt on Plaintiff's claim of discrimination. In the Defendants' Response to the Motion to Strike these witnesses, they claim "their testimony is

manifestly obvious: plaintiff's performance and job duties as Principal at Fieldcrest South Elementary School." (Doc. No. 138, p. 6)

8. If these witnesses are being called to testify to Plaintiff's performance and job duties, then that testimony is clearly not "rebuttal" testimony, but rather testimony to support the Defendants' position. A defendant is not allowed to avoid the requirements of Rule 26 simply by claiming a witness is "rebuttal" or "impeachment" when those witnesses have knowledge of the defense being raised. See *Wilson v. AM General Corp.,* 167 F.3d 1114, 1122 (7th Cir. 1999) (affirming district court's striking of two of defendants undisclosed "impeachment" witnesses, who were defendants employees, as they were "not rebuttal witnesses because [defendant] should have known before trial that these individuals could testify to the alleged non-discriminatory reasons…")

9. Rule 26 requires a party disclose witnesses and "the subjects" of the information the witnesses have discoverable information about "unless the use would be solely for impeachment." FRCP 26(a)(1)(A)(i). These witnesses are being called to do nothing more than testify as to Plaintiff's performance, that evidence is not impeachment nor rebuttal, and the witness's testimony was never properly disclosed. Defendants may not call witnesses whose testimony was not properly disclosed. FRCP 37(c).

10. Plaintiff prays the Court enter an Order striking Defendants' "rebuttal" witnesses from testifying.

WHEREFORE, for the foregoing reasons, Defendants "rebuttal" witnesses should be excluded.

**Third Motion in Limine – Exclusion to Reference of Plaintiff's Relationship to her Counsel**

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order to exclude any references to the relationship between or among Plaintiff, her counsel, her former counsel, and/or her counsel's firm, and in support thereof states as follows:

1. Both the Court and Defendants have previously made reference to the relationship between Plaintiff and one of her counsel. Plaintiff's original counsel died before suit could be filed, the second counsel she sought was unable to represent her due to scheduling conflicts, and Plaintiff and her third counsel ended their representation agreement because of disagreements as to how the case should be litigated. The fact that Plaintiff's son is one of the attorneys in Plaintiff's counsel's firm or has represented her in this litigation is irrelevant to any issue in this matter.

2. Plaintiff prays the Court enter an Order excluding any references to Plaintiff's relationship to her current counsel or her current counsel's firm.

WHEREFORE, for the foregoing reasons, any references to Plaintiff's relationship to her current counsel or her current counsel's firm should be excluded.

### **Fourth Motion in Limine – Exclusion of "Climate Study"**

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order to exclude Defendants' Exhibits 10 through 14, generally regarding the "Climate Study," and in support thereof states as follows:

1. Defendants have submitted as an exhibit an anonymous "climate study" allegedly conducted by the local teacher's union, containing anonymous responses, supposedly by union-member teachers at Fieldcrest South.

2. When this case began, the Defendants did not even have any of the "climate study" documents in their possession. They were not produced in their Rule 26 disclosures nor were they produced (or even referenced as existing) in response to Requests to Produce served by Plaintiff requesting any documents reflecting "complaints, criticisms, praise, accolades, or any other evaluations of the job performance of the Plaintiff…." (Exhibit B)  Instead, the Defendants discovered these records by way of a subpoena sent to the IEA teacher's union. (Exhibit C)

3. There is no evidence whatsoever that the Board ever considered the results of the climate study. The study is not mentioned anywhere in the dozens of hours of audio recordings of closed-session board meetings. The study does not appear in Plaintiff's personnel file. Prior to the study even occurring, Vincent directed Plaintiff to have no contact with Julie Resh, the IEA union representative. (Vincent Deposition, p. 93, ln 1-20)

4. In regards to the climate study, Randy Vincent testified that the union handled it unprofessionally, (Vincent Deposition, p. 92, ln 2-7) and he did not believe it "was conducted the way it should have been conducted." (Vincent Deposition, p. 97, ln 1-3) Vincent had "serious concerns" about sharing the results with Plaintiff because of these issues. (Vincent Deposition, p. 95, ln 19-23) Vincent stated that he could choose whether or not he considered the survey valid, (Vincent

7

Deposition, p. 100, ln 18-24) and he was not sure the results were even accurate. (Vincent Deposition, p. 96-97, ln 23-24, 1-3) Vincent never showed the results to Plaintiff. (Vincent Deposition, p. 95, ln 1-3)

  5. Vincent stated that he never considered the survey when deciding Plaintiff's raise in any year. (Vincent Deposition, p. 96, ln 22) The following question and answer then took place:

> Q. If it was accurate, why didn't you consider it?
>
> A. **I'm not sure if it was** – as I mentioned before, I'm not sure it was conducted the way it should have been conducted. (Vincent Deposition, p. 96-97, ln 23-24, 1-3) (emphasis added)

The Defendants are not even sure the study is accurate, did not have it in their possession when this litigation began, never discussed it in any closed-session board meeting, and never showed it to the Plaintiff, yet they now want to offer it into evidence.

  6. Vincent denied the study was even a criticism of Plaintiff:

> Q. Would you consider the climate study to be either a criticism, complaint, or suggestion?
>
> A. **No**. I would consider it data. (Vincent Deposition, p. 95, ln 4-7) (emphasis added)

If the Superintendent does not believe the climate study was a criticism or complaint, then it has no relevance whatsoever. The sole purpose of the Defendants introducing the climate study into evidence is to allege it contains criticism or complaints of Plaintiff and her job performance, therefore they were justified in not renewing or extending her contract. However, the Superintendent, who makes recommendations on renewing or extending contracts, does not even consider the climate study to be a criticism or complaint. The climate study has no probative value based on Vincent's rejection of its accuracy and his not even considering it a criticism.

7.       The climate study cannot be authenticated. No one can confirm the accuracy of the study and Randy Vincent himself was not sure it was accurate. All of the responses are anonymous. No witness has been disclosed with testimony regarding authenticating this document—none of the Defendants' trial witnesses are from the IEA. None of the witnesses from Fieldcrest have been disclosed as having any knowledge whatsoever about the making of the survey, the reasons it was requested, the manner in which it was administered, etc. No witness can authenticate the study.

8.       If the Defendants themselves have questions as to the accuracy of their own evidence, then the study results are more prejudicial than probative. The jury should not be presented with an anonymous survey that the Superintendent rejected at the time it was done and only found post-suit via a subpoena to a third party, which the Defendants now wish to use as proof of their justification for Plaintiff's removal at a time when they did not even possess the study. Vincent's rejection of the survey makes clear that the study has no value.

9.       Plaintiff prays the Court enter an Order to exclude the climate study, any testimony about the climate study, and any documents relating to the climate study for lacking authentication or relevance.

WHEREFORE, Plaintiff prays the Court enter an Order excluding the climate study, any testimony about the climate study, and any documents relating to the climate study, including Defendants Exhibits 10-14, for lacking authentication, being irrelevant, and being more prejudicial than probative.

### Fifth Motion in Limine – Exclusion of Post-Decision Teacher Comments

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order to exclude Defendants' Exhibits 114-123, 129, 130, 136, and 139 and any reference to alleged teacher comments or complaints about Plaintiff made after the decision was reached not to renew her contract, and in particular regarding a specific incident regarding Linda Bradbury, and in support thereof states as follows:

1. Defendants' trial exhibit list contains numerous documents (Defendants' Exhibits 114-123, 129) purporting to contain teacher comments regarding Plaintiff's handling of an incident that occurred when Fieldcrest South staff member Linda Bradbury destroyed the non-union autism class teacher's autism awareness flyers and shoved them into her mailbox.

2. This incident occurred on April 15, 2010. (Exhibit D) Plaintiff and Vincent both denounced the staff member's action, but some teachers supported the staff member against Plaintiff's response to her conduct. (Defendants' Exhibits 114-123)

3. The Defendants voted on the non-renewal of Plaintiff's contract on March 30, 2010, (Exhibit E) two weeks before this incident occurred.

4. Defendants' exhibits 130, 136, and 139 also contain alleged teacher complaints which either occurred after the March 30, 2010 vote, or are anonymous, undated complaints which may have been made after March 30, 2010.

5. As these incidents took place after the vote, any teacher comments or complaints about them could not be relevant to the decision to not renew or extend Plaintiff's contract. The Board obviously could not have considered any teacher comments or complaints when making the decision since the incident had not happened yet. Defendants cannot rely on post-vote

evidence to prove they had no discriminatory intent or a legitimate reason to terminate Plaintiff. This evidence has zero probative value and will only serve to prejudice the Plaintiff.

     5.     Plaintiff prays the Court enter an Order excluding Defendants Exhibits 114-123, 129, 130, 136, and 139 and any teacher comments or complaints about Plaintiff made after the vote on the non-renewal of Plaintiff's contract or are made in undated, anonymous documents.

     WHEREFORE, Plaintiff prays the Court exclude Defendants Exhibits 114-123, 129, 130, 136, and 139, and any evidence of teacher comments or complaints about Plaintiff made after the vote on the non-renewal of Plaintiff's contract.

### Sixth Motion in Limine – Stipulation to Admitted Facts

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order requiring the Defendants to stipulate to previously admitted facts and amending the Final Pre-Trial Order to include these facts as uncontested facts rather than contested facts, and in support thereof states as follows:

1. On March 4, 2015, Plaintiff submitted to the Defendants (Exhibit F) a draft of a final pre-trial order containing a statement of uncontested facts, in preparation to prepare a final pre-order for the final pre-trial hearing on March 11, 2015. (Exhibit G)

2. At 7:39 P.M. on March 10, 2015, Defendants' counsel sent an email objecting to the majority of these uncontested facts, specifically paragraph numbers 6, 7, 11, 12, 14, 16-30, 32-37, 39, 42-79, and 81-121, and stating they should be in the contested fact section. (Exhibit H)

3. These paragraphs were taken directly from the facts the Defendants deemed undisputed in their own summary judgment motion. Defendants, as movant, conceded these facts were true, the overwhelming number of which are copied, word for word, from the Defendants' Reply in which they admit these facts are uncontested and undisputed. Attached hereto is a correlation table showing (Exhibit I) where the paragraphs from the draft final pre-trial order (Exhibit G) were admitted by the Defendants, by document number, page number, and paragraph number.

4. Just by way of example, Paragraph 30 of Plaintiff's proposed uncontested facts was that: "Plaintiff's student performance scores were high than all of the other schools in the District." (Exhibit G, p. 4, ¶30) This paragraph was taken, word for word, from the Defendants' Summary Judgment briefs, specifically their Reply to Plaintiff's Response to their Motion for

12

Summary Judgment, in which the Defendants state that this fact is undisputed. (Doc. No. 187, p. 47, ¶309) They now, however, wish to dispute it and claim it is contested.

5. Judicial admissions "are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal." *Keller v. U.S.*, 58 F.3d 1194, 1198 (7th Cir. 1995). Judicial admissions are "not evidence at all but rather have the effect of withdrawing a fact from contention." *Id.* (citing Graham, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6726). "A judicial admission trumps evidence." *Murrey v. U.S.*, 73 F.3d 1448, 1455 (7th Cir. 1996). Material facts that are no longer in dispute may be carried over to the trial. FRCP 56(g).

6. The Defendants' stipulations that these facts are undisputed qualifies them as judicial admissions. In *Frymire v. Peat, Marwick, Mitchell, & Co.*, 1991 WL 66381 (N.D. Ill. 1991), the court was faced with a defendant attempting to exclude evidence that it had admitted to in summary judgment briefs which the plaintiff sought to use as judicial admissions. The court held that, under the Northern District local rule 12(M) regarding summary judgment proceedings, similar to Central District local rule 7.1(D), the statements made were judicial admissions. *Frymire,* at *1. The court held the "Defendant's argument that admissions in its response cannot be used as admissions at trial to be disingenuous" because "defendant has placed itself in the position of asserting at the motion for summary judgment that certain facts exist without genuine dispute while asserting at trial that a genuine dispute exists with respect to those same facts." *Id.*

7. One of the purposes of summary judgment is "to weed out unfounded claims, specious denial, and sham defenses…." *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1169 (7th Cir. 1996). The Central District local rules requires parties responding to

fact statements in summary judgment motions to delineate what is undisputed and what is disputed. C.D. LR 7.1(D). The rule states that the responding or replying party must list by number each fact "which is conceded…" C.D. LR 7.1(D)(2)(b)(1); C.D. LR 7.1(D)(3)(a)(1). The Defendants have conceded these facts as true. To now contest them creates the very type of specious denials and sham defenses that were supposed to be eliminated in summary judgment.

8. Moreover, the local rules require that if a party lists a fact as immaterial and undisputed, it must "explain the reason it is immaterial." C.D. LR 7.1(D)(3)(a)(4). Defendants did not do this. None of the undisputed and conceded facts have an explanation as to why that fact is supposedly immaterial. (Doc. No. 187) As such, they should all have been deemed to be undisputed and material for failure to comply. In any event, the Defendants conceded all of these facts as undisputed, whether they believed them material or not. Defendants were the movant and admitted these facts in their reply. (Doc. No. 187)

9. Defendants' refusal to include these facts as uncontested facts in the pre-trial order is contrary to their well-established admissions. Plaintiff, in an attempt to comply with the Court's order, placed all of these paragraphs in the "contested" section of the filed pre-trial order draft simply so a version of the order would be on file. However, she does not agree that these facts are actually contested, and was merely forced into a Catch-22 where she has to file something and the Defendants refused to agree. As judicial admissions, these facts cannot be contested.

10. Plaintiffs prays the Court enter an Order modifying the proposed final pre-trial order to include Plaintiff's contested facts as uncontested facts, hold these uncontested facts to be judicial admissions of the Defendants, and require the Defendants to stipulate to these facts.

WHEREFORE, Plaintiff prays the Court modify the proposed final pre-trial order to include Plaintiff's contested facts as uncontested facts, hold these uncontested facts to be judicial admissions of the Defendants, and require the Defendants to stipulate to these facts.

**Seventh Motion in Limine –
Enforcement of Court's Prior Order regarding Relevant Audio Recordings**

Plaintiff brings the following Motion *in Limine* and moves this Court for an Order to enforce this Court's prior Order regarding the relevance of audio recordings of closed session board meetings, and in support thereof states as follows:

1. Throughout the course of this proceeding, Plaintiff has sought the production of audio recordings of closed-session board meetings held by the District. Following repeated non-production of these recordings, Hon. Magistrate Judge Hawley ordered Plaintiff be given access to all of the recordings. (Doc. No. 144)

2. Plaintiff reviewed the recordings and discovered numerous unproduced audio recordings relevant to the litigation. Plaintiff filed a Motion seeking these recordings be turned over and asserting they were relevant. (Doc. No. 145)

3. The Court held a hearing on May 19, 2014 and entered an Order granting the Motion on May 20, 2014. (Doc. No. 150) The Court held that Plaintiff provided a "detailed assessment of why each statement is relevant to this case" and that the District "does not seriously contest the relevance of the statements in question, providing no argument whatsoever to refute Sokn's assertions of relevance." (Doc. No. 150, p. 2) No appeal of this ruling was sought.

4. Defendants have listed objections to Plaintiff using these recordings at trial in response to Plaintiff's Exhibit List. Defendants list the recordings it objects to using the very

15

same numbering from Plaintiff's Motion (Doc. No. 145), for example raising objection to statements 15-18 from the April 2009 closed session board meeting.

5.     The Court has already found these recordings relevant and that the Defendants provided "no argument whatsoever" to contest that relevancy. Defendants did not file an appeal, yet now want to relitigate the matter. They should not be allowed to circumvent the Court's prior order.

6.     Plaintiff prays the Court enter an Order to enforce its prior Order holding these statements relevant to Plaintiff's cause of action.

WHEREFORE, Plaintiff prays the Court enforce its prior Order and hold the audio recordings of the closed-session meetings relevant to the litigation.

                                            DORRENE SOKN, Plaintiff


                                            By:     /s/Christopher H. Sokn
                                                    CHRISTOPHER H. SOKN


**CHRISTOPHER H. SOKN (A.R.D.C. #6297663)**
**KINGERY DURREE WAKEMAN**
   **& O'DONNELL, ASSOC**.
416 Main Street, Suite 915
Peoria, Illinois 61602
Telephone: (309) 676-3612
Facsimile: (309) 676-1329
Email: chsokn@kdwolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **March 13, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Mr. Thomas G. DiCianni**
**Ms. Lucy B. Fadel**
**Ancel Glink Diamond Bush**
    **DiCianni & Krafthefer, PC**
140 S. Dearborn St., Suite 600
Chicago, IL 60603
Telephone: 312-782-7606
Facsimile: 312-782-0943
Email: tdicianni@ancelglink.com
        lfadel@ancelglink.com

                                              DORRENE SOKN, Plaintiff

                                        By:    /s/Christopher H. Sokn
                                                 CHRISTOPHER H. SOKN

**CHRISTOPHER H. SOKN (A.R.D.C. #6297663)**
**KINGERY DURREE WAKEMAN**
  **& O'DONNELL, ASSOC**.
416 Main Street, Suite 915
Peoria, Illinois 61602
Telephone: (309) 676-3612
Facsimile: (309) 676-1329
Email: chsokn@kdwolaw.com