UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DORRENE SOKN, <br><br> Plaintiff, <br><br> v. <br><br> FIELDCREST COMMUNITY UNIT SCHOOL DISTRICT NO. 6, et al., <br><br> Defendants. | No. 10-1122 |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTIONS IN LIMINE**

Defendants, by and through their attorneys, Thomas G. DiCianni and Lucy B. Bednarek, with the law firm of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, submit the following as their responses to Plaintiff's Motions in Limine:

**Plaintiff's Motion in Limine No. 1: Exclusion of Doug Roberts and Gerilyn Wells**

Defendants identified Doug Roberts (former Fieldcrest principal) and Gerilyn Wells (teacher union representative) as trial witnesses. Plaintiff seeks to strike and bar these witnesses.

On June 24, 2014, defendants disclosed Roberts and Wells in their Supplemental Rule 26 disclosures. Defendants disclosed Roberts as a witness with knowledge of: "duties, responsibilities, and experiences as a principal in the Fieldcrest School District; Circumstances leading to his hiring as principal at Fieldcrest South Elementary." Defendants disclosed Wells as a witness with knowledge of "plaintiff's administration of Fieldcrest South Elementary School; Climate of the building; Communications within School District about problems at Fieldcrest South; Performance of other principals at Fieldcrest South."

Plaintiff filed a motion to strike and bar these witnesses, arguing they were disclosed after the close of discovery, even though discovery had been extended to July 28, 2014, more

1

than a month after the disclosure was made. On August 6, 2014, Magistrate Judge Hawley, after briefing by the parties, granted plaintiff's motion. Plaintiff now argues these witnesses should be barred from testifying at trial.

Plaintiff's motion in limine should be denied. The core issue regarding the Magistrate's Order was whether the disclosure would require a discovery extension. The Magistrate, however, could not preclude the district court judge from making the ultimate determination about a witness's trial eligibility. The hallmark factor regarding any witness's ability to testify is whether it would surprise and prejudice the opposing party. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)   Plaintiff cannot claim surprise or prejudice regarding either witness. Plaintiff also disclosed Roberts in her initial disclosures as a witness with knowledge of "his hiring, employment performance, compensation." Moreover, both witnesses had been discussed repeatedly in documents filed with the Court and produced in discovery, as well as in tapes, pleadings, briefs and correspondence. Indeed, the major reason Wells was added to the disclosure was that as the union representative, she was involved in some way with many of the "building climate" disputes plaintiff had with teachers at Fieldcrest South.  As such, her testimony could potentially make it unnecessary to call several of the South staff members as witnesses at trial.  Neither witness (nor the subject matter on which they will testify) is a surprise to plaintiff. See *Robinson v. Bd. of Educ.*, 2001 WL 1386601, at 8 (N.D.Ill. 2001) (the court denied plaintiff's motion to strike defendant's trial witnesses who were disclosed throughout "written *and* oral" discovery).

Judge Hawley's order was limited to the discovery phase of this lawsuit, and did not reference the eligibility of Roberts or Wells as witnesses at trial. Defendants properly identified Roberts and Wells as trial witnesses and plaintiff's motion in limine no. 1 should be denied.

**Plaintiff's Motion in Limine No. 2: Exclusion of "Rebuttal" Witnesses**

Plaintiff seeks to bar nineteen witnesses identified as defendants' rebuttal witnesses: Michael Brown, Michelle Butler, Deborah Cargill, Emily Furrow, Donna Hartzler, Dana Knoerle, Laurel Matter, Judith McNamara, Cassandra Owens, Barbara Petri, Amy Rossman, Danielle Smith, Elizabeth Strack, Stefanie Weber, Gisele Gorski, Pauline Murray, Susan Rotkowski, Frank Sauder, Kathy Sullivan.

Plaintiff's motion in limine should be denied. The entire process of listing certain witnesses as "rebuttal witnesses" was devised during discussions with the Magistrate in response to plaintiff's hypertechnical objection and motion to bar based on defendant's neglecting to include the subject matter of each witness' potential testimony. Plaintiff waited until the last day before discovery closed (before extended) to make the objection to the easily corrected oversight. (Doc. #123) The Magistrate recognized the unlikelihood that defendants would not need to call all witnesses in their Rule 26(a)(1) disclosure (a total of 45), and allowed defendants to file an Amended Rule 26(a)(1) disclosure, identifying the witnesses defendants were likely to call and the subject matter of their testimony, and to designate the remainder as "rebuttal." Plaintiff now resurrects her hypertechnical objection to seek a forfeiture.

There is something highly hypocritical about plaintiff's position. Plaintiff totally failed to comply with Rule 26(a)(2) but nevertheless named purported expert witnesses in her witness list for the Pretrial Order, yet she now raises such a trivial complaint about defendant's potential rebuttal witnesses. But there is nothing improper about defendants designation, Rule 26(a)(1) specifically excludes "impeachment" witnesses from disclosure, and the Court's sample pre-trial order recognizes that:

> A party may supplement a list of witnesses or exhibits . . . upon the development
> of testimony fairly shown to be unexpected, any party may call such contrary

3

witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any party.

CDIL – LR App. 1 (VI).

Moreover, plaintiff herself named nine of defendant's rebuttal witnesses as her own witnesses: Michael Brown, Michelle Butler, Donna Hartzler, Laurel Matter, Judith McNamara, Cassandra Owens, Amy Rossman, Danielle Smith, and Frank Sauder. Defendants included in their trial witness list in the Pretrial Order that they reserved the right to call at trial any witnesses identified by plaintiff. Further, in addition to the other witnesses listed above, plaintiff identified rebuttal witness Pauline Murray in her own initial Rule 26(a) disclosures.

Plaintiff cites *Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999), which is completely distinguishable. In *Wilson*, the witnesses were never disclosed by the defendant in its Rule 26(a) disclosures, or any time prior to trial. Here, it is undisputed that all nineteen of defendants' rebuttal witnesses were disclosed by defendants prior to trial.

Further, unlike in *Wilson*, none of these witnesses (or the subject matter on which they will testify) are unfamiliar to plaintiff. Rather, they were teachers or non-certified staff that worked for plaintiff at Fieldcrest South. The subject matter of their rebuttal testimony is obvious – rebutting testimony about plaintiff's performance as principal or other events at South. In addition, hundreds of documents were produced in discovery revealing the information each of these witnesses have with regard to plaintiff's performance or job duties. As a result, defendants should not be barred from calling witnesses that plaintiff also identified as trial witnesses, or that plaintiff also identified in her Rule 26(a) disclosures.

Magistrate Judge Hawley did not bar or strike defendants' witnesses, as plaintiff claims. Rather, on April 9, 2014, Judge Hawley ordered that "the defendants may, however, call such witnesses in rebuttal with leave of the Court." [Doc. 144]. Defendants complied with Judge

4

Hawley's order by listing these nineteen witnesses as rebuttal witnesses. As such, plaintiff's motion in limine number 2 should be denied.

**Plaintiff's Motion in Limine No. 3:**

Defendants have no objection to plaintiff's motion in limine number 3.

**Plaintiff's Motion in Limine No. 4: Exclusion of Climate Study**

Plaintiff seeks to bar evidence of the Climate Study conducted at Fieldcrest South by the teacher's union. In May, 2008, at the request of the teachers at Fieldcrest South, the teacher's union conducted a "Climate Study" at the school, in which they surveyed the teachers and their views on plaintiff as Principal. The survey results demonstrated the highly contentious relationship between plaintiff and the teachers.

The seventeen teachers at South participated in the survey. In response to a question on whether "the principal [plaintiff] acts in ways that should make her trusted by all staff," thirteen teachers checked that the "principal is failing at this skill or attribute." Four responded that they believed "the principal needs improvement in this area." In response to whether the principal "makes building visitors and volunteers feel welcome," eight respondents checked that she failed in this area, and eight responded that she needed improvement in this area. In response to a question about whether the principal treats parents in a respectful manner, five responded that she fails in this area, and ten responded that she needed improvement. In response to a question about whether the principal approaches situations in a constructive manner instead of being accusatory and putting staff on the defensive, eleven answered that she was failing in this area, and six responded that she needed improvement. None gave her a positive response.

The Teachers' Union Climate Study is the most important and probative piece of evidence in the entire case. It was the most concrete piece of evidence demonstrating the high

level of strife at South. Certainly, plaintiff does not want the Climate Study admitted at trial, but the Climate Study is clearly admissible because it is highly relevant. It certainly supports defendants' position that more likely than not plaintiff's contract was not renewed because of conflict between plaintiff and the teachers at Fieldcrest South – not because of her gender. The Climate Study was specifically sent to the Superintendent and certainly was a part of the body of information the School Board relied on in its decision. It is also relevant to corroborate the existence of the teacher-Principal conflict at South. It will be up to the jury to determine the Climate Study's probative value and the extent to which it affected or was considered in defendants' decision not to renew plaintiff's contract.

Finally, plaintiff's authentication argument has no merit. Federal Rule of Evidence 901 provides that authentication is "satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." It is undisputed that the Climate Study documents were received by the parties during discovery in response to a subpoena to the teacher's union – the Illinois Education Association (NEA). Production by an entity pursuant to a subpoena is sufficient to authenticate that the documents were found in that entity's records. *Minemyer v. B-Roc Representatives, Inc.*, 678 F.Supp.2d 691, 709 (N.D.Ill. 2009). Moreover, any one of the teachers can identify it – they essentially wrote it. Vincent too can authenticate it. That plaintiff disagrees with the substance of the Climate Survey is irrelevant to its admissibility. Plaintiff's motion in limine number 4 should be denied.

**Plaintiff's Motion in Limine No. 5: Exclusion of Post-Decision Teacher Comments**

Plaintiff seeks to exclude evidence of comments made by teachers about plaintiff after the decision was made to not renew her contract. Plaintiff specifically references evidence regarding an incident involving Linda Bradbury, a teacher's assistant at Fieldcrest South.

Bradbury was accused of destroying flyers prepared by another teacher. The teachers at South were critical about how plaintiff handled the situation, and how plaintiff spoke to Bradbury regarding it. The teachers prepared summaries of their observations of the incident.

Although this incident occurred in April, 2010, it is additional evidence of the high dysfunctionality of the teachers' relationship with plaintiff and the teachers' disagreements with how plaintiff managed staff issues at South. Plaintiff contends that by the time of renewal of her contract, much of the tension between her and the teachers had subsided. The School Board and Superintendent did not think so, and the Bradbury incident, which under a normal Principal – staff relationship would not have become so divisive, supports the School Board's position. In other words, this incident, and other documents showing the teachers' conflicts with plaintiff (either before or after the decision not to renew plaintiff's contract was made), shows *why* plaintiff could no longer remain principal at South. This evidence shows the teachers mistrusted her, and did not believe plaintiff was respectful. As a result, plaintiff's motion in limine number 5 should be denied.

**Plaintiff's Motion in Limine No. 6: Stipulation to Admitted Facts**

Plaintiff requests this Court to enter an order requiring defendants to stipulate to previously admitted facts and amend the final pretrial order to reflect such – specifically facts that defendants deemed uncontested during summary judgment. First, a stipulation is an agreement, and defendants cannot be compelled to agree to anything – otherwise it would not be a stipulation. Nevertheless, plaintiff's argument lacks any merit.

Local Rule 16.1(F) requires that the final pretrial order include: (2) a signed stipulation of uncontested *material* facts. Although defendants may have deemed certain facts uncontested

during summary judgment litigation, those facts are not material to the issue before the jury – which is, was the non-renewal of plaintiff's employment contract because of her gender?

The facts that plaintiff wants defendants to stipulate to were either facts that defendants deemed uncontested but immaterial during summary judgment, or facts that defendants deemed uncontested and material but no longer consider material for trial. For example, as explained in defendants' motion in limine numbers 7 to 17, any evidence regarding the following should not be admissible at trial:

- Evidence relevant only to plaintiff's dismissed Equal Pay Act claim
- Evidence relevant only to plaintiff's dismissed Title VII Retaliation/Whistleblower Claim;
- Evidence relevant only to plaitniff's dismissed breach of contract claim;
- Evidence relevant only to plaitniff's dismissed Open Meetings Act claim;
- Evidence relevant only to plaitniff's dismissed spoliation claim;
- Evidence regarding plaintiff's claim of suspicious timing;
- Evidence regarding Jim DeMay's resignation;
- Evidence regarding Doug Roberts' principal position at Fieldcrest South;
- Evidence regarding the negotiation of Roberts' salary and benefits;
- Evidence regarding William Lapp's failure to meet academic progress targets; and
- Evidence relevant only to plaitniff's dismissed Title VII and IHRA Unequal Compensation claim.

(Defendants' Motion in Limine Nos. 7-17).

Defendants asserted during the motion for summary judgment proceedings that certain facts exist without genuine dispute. However, because of this Court's ruling on the motion for summary judgment (dismissing many of plaintiff's claims and finding many facts to be

irrelevant), defendants do not believe plaintiff's proposed uncontested facts – some or all of which may be true – are material to the issues at trial. In other words, the issues at summary judgment and now at trial are different in this case. For example, the facts that were material to plaintiff's Equal Pay Act claim at summary judgment are no longer material at trial. As a result, plaintiff's motion in limine number 6 should be denied.

Moreover, the vast majority of the "facts" plaintiff wants stipulated are not "facts" at all, at least not for purposes of a Pretrial Order. What plaintiff calls "facts" are nothing more than snippets of evidence plaintiff argues will add up to "facts." Nevertheless, they are not the type of ultimate facts which are contemplated by or useful to the Pretrial Order. Plaintiff's Motion in Limine No. 6 should be denied.

**Plaintiff's Motion in Limine No. 7: Enforcement Of Court's Prior Order Regarding Relevant Audio Recordings.**

Plaintiff argues next that this Court should allow her unbridled use of audio recordings based on a ruling by the Magistrate during the discovery phase of the case. Defendants object based on relevance to the majority of the snippets of various statements which plaintiff apparently will seek to introduce at the trial. Plaintiff contends, surprisingly, that the Magistrate's decision already concluded that these snippets of information are relevant, and therefore they are admissible at trial. Plaintiff however, has a manifest misunderstanding of what occurred in connection with the litigation over the use of the tapes.

The litigation that took place before Judge Hawley turned on defendants' position that the tapes from closed-session meetings that plaintiff was seeking produced were privileged. There was significant briefing regarding those issues, and Judge Hawley allowed plaintiff to obtain certain tapes that she was seeking as a result of those motions. That ruling, however, addressed a

9

discovery issue - whether plaintiff would be allowed to listen to certain tapes in the course of discovery. The Magistrate Judge found that the tapes were potentially relevant in the discovery sense, and that the tapes were not privileged. Therefore plaintiff was allowed to hear them.

Relevance for discovery purposes, however, is markedly different from relevance for trial purposes. Fed. R. Civ. P. 26(b)(1) For discovery purposes, relevance means only that some information may potentially lead to admissible evidence at trial. A finding that something is relevant for purposes of discovery does not mean that it is relevant for purposes of admissibility at trial. All the Magistrate could possibly decide in connection with plaintiff's motions for release of the tapes were whether the tapes were relevant from a discovery perspective, not whether they were admissible at trial. Defendants contend that except for the select few, which have been designated in the Pre Trial Order, the tapes are not relevant and therefore not admissible. Plaintiff's Motion in *Limine* No. 7 should be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motions in Limine Numbers 1-2, 4-7, and for all other relief this Court finds just and proper.

                Respectfully submitted,

                /s/ Lucy B. Bednarek
                Lucy B. Bednarek

Thomas G. DiCianni / ARDC #03127041
tdicianni@ancelglink.com
Lucy Bednarek /ARDC #6269389
lbednarek@ancelglink.com
***ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.***
Attorneys for Defendants
140 South Dearborn Street, 6th Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on March 17, 2015, the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE*** was electronically filed with the Clerk of the U.S. District Court for the Central District of Illinois using the CM/ECF System, which will send notification of such filing to the following:

Philip M. O'Donnell
Christopher Sokn
KINGERY, DURREE, WAKEMAN & O'DONNELL, ASSOC.
416 Main Street / Suite 915
Peoria, IL  61602
philodonnell@sbcglobal.net
chsokn@kdwolaw.com

/s/  Lucy B. Bednarek
LUCY B. BEDNAREK / ARDC# 6269389
One of the attorneys for Defendants

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:   (312) 782-7606
Facsimile:   (312) 782-0943
E-Mail:   lbednarek@ancelglink.com

4830-9203-7154, v.  1