E-FILED
Thursday, 19 March, 2015  01:05:49 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DORRENE SOKN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   10-cv-1122 |
| | ) | |
| FIELDCREST COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NO. 8, an Illinois | ) | |
| Local Governmental Entity, RANDY | ) | |
| VINCENT, Superintendent, in his | ) | |
| individual and official capacities, JOE | ) | |
| KIRKPATRICK, President of the Board of | ) | |
| Education, in his individual capacity, | ) | |
| THOMAS BARTH, Vice President of the | ) | |
| Board of Education, in his individual | ) | |
| capacity, TAMMI COONS, Secretary of | ) | |
| the Board of Education, in her individual | ) | |
| capacity, SCOTT HILLENBURG, | ) | |
| Member of the Board of Education, in his | ) | |
| individual capacity, GREG | ) | |
| KROESCHEN, Member of the Board of | ) | |
| Education, in his individual capacity, | ) | |
| TIM MCNAMARA, Member of the Board | ) | |
| of Education, in his individual capacity, | ) | |
| and DANIELLE REICHMAN, Member of | ) | |
| the Board of Education, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>O R D E R</u>

Before the Court are a total twenty-nine (29) motions in limine filed by the

parties in advance of trial scheduled to begin on March 30, 2015 in Courtroom D of

the Peoria Federal Courthouse. The Court rules as follows:

**Plaintiff's First Motion in Limine**

Plaintiff seeks to bar Doug Roberts and Gerilyn Wells, two witnesses that appear on Defendants' trial witness list, on the basis that these witnesses were not timely disclosed to her and that the Court, by way of Judge Hawley, had already entered an order barring these witnesses. After review of the audiorecording of the August 6, 2014 hearing before Judge Hawley on the matter it is clear that Judge Hawley did indeed bar these witnesses and it appears Plaintiff's have had no chance to depose these witnesses. Despite their obvious knowledge of these two potential witnesses, to allow them to testify without the benefit of deposing them would be unfair and prejudicial to the Plaintiff.

The motion is therefore granted in part. Witnesses Roberts and Wells may only be called for impeachment purposes in keeping with the disclosure requirements of Rule 26(a)(1).

**Plaintiff's Second Motion in Limine**

Plaintiff seeks to bar the testimony of several of the Defendants' rebuttal witnesses on the ground that their testimony would not actually be rebuttal but "bolstering the defense of a non-discriminatory reason for Plaintiff's removal or to cast doubt on Plaintiff's claim of discrimination". Plaintiff cites to a Seventh Circuit case where the court held the district court did not abuse its discretion in refusing to allow rebuttal testimony at an ADEA trial from the employer's in-house counsel after the employer had <u>failed to name them as witnesses in any of its mandatory initial disclosures, its amended witness disclosure, or its pretrial disclosures</u>. *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999). Moreover, the proposed

testimony was part of employer's primary line of defense, which was, that employee was selected for termination because of poor relationships with customers. *Id.*

Here, in contrast, these witnesses were disclosed as rebuttal witnesses in the Defendants' Second Amended Initial disclosures. Moreover, the Plaintiff concedes that at least part of the Defendants' purpose in calling these witnesses is "to cast doubt on Plaintiff's claim of discrimination." "The purpose of rebuttal testimony is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *United States v. Groves*, 470 F.3d 311, 328 (7th Cir. 2006).

Given that these witnesses were disclosed as rebuttal witnesses, Defendants may call them as rebuttal witnesses for the purpose of contradicting, impeaching or defusing the impact of the evidence offered by the Plaintiff.  Therefore, the motion is denied.

### Plaintiff's Third Motion in Limine

Plaintiff does not want the Court or the Defendants to refer to his familial relationship to the Plaintiff and the fact they are her third lawyers. The Defendants have no objection. Therefore, the motion is granted.

### Plaintiff's Fourth Motion in Limine

Plaintiff wishes to exclude evidence of a climate study done on Fieldcrest South which seems to indicate Plaintiff had a bad relationship with her staff. The specific exhibits at issue are Defendants' Exhibits 10 through 14. Plaintiff claims there are authenticity problems with this study and that the Defendants themselves had at one point rejected its value.

None of the reasons asserted by the Plaintiff cast any doubt as to the authenticity of the study, but are simply reasons the jury may want to reject the study's evidentiary value. Simply because the contributors to the study were anonymous and the evidence was in the possession of a third party does not mean the study is not authentic.

The motion is denied and at the very least, these exhibits can be allowed for their alleged impact on the Defendants since "hearsay" is a statement made out of court and offered into evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c).

**Plaintiff's Fifth Motion in Limine**

Plaintiff wishes to exclude any evidence at trial pertaining to incidents of Plaintiff's relationship with staff that took place after the March 30, 2010, which is when the Board reached its decision not to renew Plaintiff's contract. Defendants counter that this is evidence of the high degree of dysfunction of the teachers' relationship with Plaintiff. Evidence of Plaintiff's relationship with teachers **after** the Board's decision has no bearing whatsoever on that decision.

This motion is therefore granted as to any evidence bearing on incidents of Plaintiff's relationship with staff occurring **after** the March 30, 2010 decision is excluded.

**Plaintiff's Sixth Motion in Limine**

Plaintiff seeks to force Defendant to stipulate to facts that apparently were not disputed at the summary judgment stage. Defendants are correct that they cannot be forced to stipulate to facts. Moreover, Defendants do not appear to be

objecting to these facts on the basis of their admissibility as uncontested judicial admissions, but rather on the basis of their relevancy at trial. Plaintiff argues that Defendants have waived any such objection since they did not explain the basis for any immateriality dispute *in the summary judgment proceedings.*

As Plaintiff is aware, "[j]udicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. *Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995). Summary judgment statements of fact are not pleadings. *See* Fed. R. Civ. P. 7. Moreover, material facts that are no longer in dispute may be carried over to the trial only upon the entry of an order of the Court. Fed. R. Civ. P. 56(g). No such order has been entered. Furthermore, many of these "facts" were obviously relevant to the then existing claims and do not seem relevant now that the Court has denied certain claims of the Plaintiff.

This motion is therefore denied and parties are admonished that facts no longer material to the current claims will generally be excluded at trial.

**Plaintiff's Seventh Motion in Limine**

Plaintiff seeks for the Court to admit certain statements from audio recordings that Judge Hawley previously deemed relevant for discovery purposes. Plaintiff is conflating a discovery ruling with a trial evidentiary ruling. At that stage of the proceedings, Defendants were objecting to the discovery of this evidence based upon privilege NOT relevancy. The Court has reviewed an audiorecording of the May 19, 2014 hearing and concluded Judge Hawley was not conducting an analysis of whether this evidence should go forth for trial.

Therefore, this motion is denied. Relevancy of the proffered evidence must still be determined at trial.

**Defendants' Motion in Limine 1**

Defendants move to exclude argument or comment that the jury should send a message with its verdict, or that the jury should punish any of the individual defendants or the School District with its verdict. Punitive damages cannot be awarded against the School District for either Title VII or Section 1983 liability unless the local municipality waives the protection and sending a message, or punishment, is only relevant for punitive damages. However, individuals are subject to punitive damages for Section 1983 violations.

This motion is granted with the caveat that the Court will determine at the close of the Plaintiff's case in chief whether there is a factual basis for punitive damages and if so, will allow such evidence[1] and argument as is necessary and give an appropriate instruction to the jury on assessing punitive damages against individuals.

**Defendants' Motion in Limine 2**

Defendants want to bar Plaintiff from giving any testimony as to what any physician or other health professional allegedly told her or any other person regarding the nature and extent of any examination, alleged findings, opinions as to causation, treatment, diagnosis or prognosis of any ailments she suffered as a result of Defendants' actions, and their own non-expert opinions of such. They argue such

---

[1] If there is a factual basis for punitive damages, the Court will allow Plaintiff to reopen her case for that limited purpose, such as inquiring of the individuals their net worth.

testimony would be hearsay, improper expert testimony, and clearly inadmissible, pursuant to Federal Rules of Evidence 701, 802, and 403.

Under the Federal Rules of Evidence, "a witness does not need to be a doctor to discuss his or her health in general terms." *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir.1998) (citing Fed.R.Evid. 601, 701, 702). No lay witness, however, is permitted to opine that a particular event proximately caused a plaintiff's health problems or to offer a detailed medical diagnosis (or self-diagnosis) of a plaintiff's alleged injuries. *Haack v. Bongiorno*, No. 08 C 02488, 2011 WL 862239, at *4 (N.D. Ill. Mar. 4, 2011).

Thus, this motion is granted in part and denied in part. Plaintiff should be able to give personal testimony as to her own general condition before the Defendants' actions and her condition afterwards, but she will not be allowed to testify to any diagnoses, causation or what she was told by her physicians.

**Defendants' Motion in Limine 3**

Defendants seek to exclude any evidence or argument that Plaintiff incurred medical expenses as a result of Plaintiff's failure to provide in discovery any medical bills. Obviously, Plaintiff bears the burden of proving her damages and the Defendants cannot be held accountable for any purported failure to obtain the medical bills themselves. Rule 26(a)(1)(A)(iii) requires in relevant part  that a party "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of

injuries suffered. . . ." Plaintiff has not provided the underlying medical bills so this motion is granted.

**Defendants' Motion in Limine 4**

Defendants seek to exclude any evidence or argument regarding any of the individual defendants' or the School District's insurance as irrelevant and unduly prejudicial and wish to bar the Plaintiff from questioning any prospective juror as to whether they (or any friend, family member or other person) are employed in the insurance industry.

The motion is granted and if appropriate, the Court will give IPI instruction 3.03.

**Defendants' Motion in Limine 5**

Defendants seek to exclude evidence or argument regarding media reports about the lawsuit or the non-renewal of Plaintiff's employment contract because such would have no probative value, be unduly prejudicial, and be hearsay. Plaintiff does not object.

The motion is granted.

**Defendants' Motion in Limine 6**

Defendants seek to exclude evidence or argument that the School District will indemnify the Individual Defendants pursuant to Fed. R.Evid. 403 and 411. This includes referring to Defendants' attorneys as the "School District" or "Government" attorneys because any such reference is unduly prejudicial and only encourages a jury to inflate its damages award because it knows the government, not the

individual defendant, is "footing the bill." *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998).

The motion is granted. Counsel can easily refer to the Defendants' attorneys as "Defendants' attorneys."

**Defendants' Motion in Limine 7**

Defendants seek to bar the introduction of evidence at trial that is relevant solely to the Equal Pay Act claim that was denied during summary judgment proceedings. Specifically, they want the Court to bar evidence of the salaries of the male principals versus Plaintiff's salary, the raises or percentages of raises the male principals received in comparison to Plaintiff, the health benefits or the value of such benefits the male principals received in comparison to the Plaintiff, and that Plaintiff elected not to receive health benefits from the District.

While the Court agrees with Defendants that any evidence solely probative of the Equal Pay Act claim or the Title VII claim predicated upon equal pay is irrelevant for the claims that are left—whether Defendants discriminated against Plaintiff when they decided not to renew or extend her contract—some of the evidence overlaps across all Plaintiff's current and former claims.

Plaintiff claims that she needs to put on evidence of the higher raises given to under-performing male principals compared to her so as to raise credibility issues that permeate through all of the decisions the Defendants make. She argues that if the Defendants paid lower compensation to the highest performing principal, who also happens to be the only female principal, the jury could reasonably conclude there is a disconnect between how the Defendants judge the principals for all

employment decisions and that disconnect could be explained by gender discrimination. This Court rejected the premise that the Plaintiff was similarly situated to the male principals; that is why the Court rejected the Equal Pay Act claim and the Title VII claim based upon equal compensation. To allow this evidence would undoubtedly confuse the issues before the jury and be misleading under Rule 403.

This very same point can be made by the straightforward presentation of evidence that Plaintiff's students outperformed the students of the other Principals and that she was not renewed while the other male principals had been retained or otherwise renewed/extended/ or rolled over (even in the past) without venturing into evidence relevant to the Equal Pay Act claim.

This motion is therefore granted.

**Defendants' Motion in Limine 8**

This motion asks the Court to exclude evidence solely related to the Retaliation and Whistleblower claims that Plaintiff abandoned.  Plaintiff has no objection.

Therefore, the motion is granted.

**Defendants' Motion in Limine 9**

This motion asks the Court to exclude evidence solely related to the breach of contract claims that the Court denied at summary judgment. The motion is granted, however, the Court will reserve complete ruling on this motion and will hear argument on the admissibility/relevancy of evidence of the School District's negotiations with the principals and argument on the evidence that the School

District failed to promptly communicate to plaintiff all criticisms, complaints and suggestions called to the attention of the Board or the superintendent about her.

**Defendants' Motion in Limine 10**

In this motion, Defendants seek to bar the introduction of evidence at trial that is relevant to the Illinois Open Meetings Act claim that was denied during summary judgment proceedings.

The claim was denied, so the motion will be granted in part as to any mention of the Open Meetings Act. However, generally speaking, Plaintiff should be able to address the erasure of the tapes because the Court has explained that if sufficient evidence warranted an adverse inference instruction, one could be given.

| Description of evidence | Suggestion | Rationale |
|---|---|---|
| Evidence that the School District destroyed the audio recordings of closed-session School Board meetings | Motion denied | Erasure of the tapes is still relevant to the issue of the adverse inference instruction. Plaintiff undoubtedly wants to bring up the OMA as the source of a duty to preserve in this case, but this Court has ruled time and time again that the duty at issue here is **the general common law duty not to spoil evidence when litigation is reasonably expected**; thus the **only** evidence that will be allowed is evidence the tapes were erased after March 24, 2010, the date Plaintiff communicated via a letter to the Defendants that she was the victim of disparate |

| | | treatment on the basis of her gender. |
|---|---|---|
| Evidence that the School District had a duty to preserve the audio recordings of closed-session School Board meetings | Motion granted | The jury does not need to be advised of any duties owed. |
| Evidence that the School District's policy which mirrored the Open Meetings Act, regarding retention of the audio recordings of closed-session School Board meetings. | Motion granted | This evidence is irrelevant to any remaining claims as explained above. |

## Defendants' Motion in Limine 11

In this motion, Defendants argue Plaintiff should be barred from introducing evidence or argument in support of her spoliation claim because it has been denied.

Because the Court left open the possibility of Plaintiff securing an adverse inference instruction, the Plaintiff will be able to address the erasure of the tapes as follows in the table.

| Description of evidence | Suggestion | Rationale |
|---|---|---|
| Evidence that the School District destroyed the audio recordings of closed-session School Board meetings | Motion denied | Erasure of the tapes is still relevant in consideration of the adverse inference instruction. Again, the **only** evidence that will be allowed is direct evidence the tapes were erased after March 24, 2010, the date Plaintiff communicated via a letter to the Defendants that she |

| | | was the victim of disparate treatment on the basis of her gender. The Court does not wish to engage in a trail within the trial on this ancillary issue. |
|---|---|---|
| Evidence that the School District had a duty to preserve the audio recordings of closed-session School Board meetings | Motion granted | Same rationale as before. |
| Evidence of the School District's retention policy of the audio recordings of closed-session School Board meetings. | Motion ruling reserved pending the pretrial conference | |

**Defendants' Motion in Limine 12**

Defendants seek to bar Plaintiff from introducing evidence or argument that the timing of the School District's complaints about her performance coincided with Doug Roberts' announcement that he would leave the School District unless he obtained a position that would allow him to spend more time at home. Defendants contend this Court ruled that "suspicious timing" **could not serve as the basis** for plaintiff's Title VII claim.  This is not what the Court ruled. The Court ruled it was obvious that the District was appeasing Doug Roberts by moving Plaintiff out, so the suspicious timing evidence was cumulative and had no relevancy to the question of whether the District favored Roberts over Plaintiff because he was a man and she was a woman. It seems that the Defendants now wish to keep the jury from concluding it wanted to appease Roberts over Plaintiff at all.

This motion is therefore denied. This evidence was not useful at the summary judgment phase because it did not bear on the ultimate question central to the claim of whether the Defendants were motivated by Plaintiff's sex. But given that plaintiffs enjoy wide latitude in presenting their cases, the Plaintiff should not be foreclosed from presenting this evidence because it does bear on the Defendants' motivations to not renew Plaintiff's contract, even if it does not bear on the ultimate question of whether Defendants favored Roberts over Plaintiff based on her sex. Put another way, unless the School District is willing to stipulate that it was at least partially motivated in its decision against renewing Plaintiff to appease Roberts' wish to be closer to home and not work as many hours as he had been working at his original school, the evidence must be allowed.

## Defendants' Motion in Limine 13

Defendants seek to bar evidence of Jim DeMay's ouster from Fieldcrest. The Court ruled in its summary judgment order that evidence of DeMay's treatment was not relevant to the decision to not renew Plaintiff.

Therefore, this motion is granted.

## Defendants' Motion in Limine 14

In this motion, Defendants seek to bar the Plaintiff from introducing evidence or argument in support of her Title VII claim relating to Roberts not being required to interview for the Fieldcrest South principal position.

This motion is granted as to evidence that Roberts was not required to interview for the Fieldcrest South principal position is irrelevant to the District's decision to not retain Plaintiff.

14

**Defendants' Motion in Limine 15**

In this motion, Defendants argue that Plaintiff should be barred from introducing evidence or argument in support of her Title VII claim relating to the fact that Roberts was told by the School District that it would be willing to negotiate his salary and benefits in order to keep him at the School District once Roberts announced he was looking for work elsewhere, or that the School District in fact negotiated his salary and benefits.

This motion is denied as to evidence Roberts was told by the School District that it would be willing to negotiate his salary and benefits in order to keep him at the School District. The larger issue of whether the Defendants generally negotiated with him and the other men as part of its normal salary setting process will be discussed in relation to Defendant's Motion in Limine 9.

**Defendants' Motion in Limine 16**

Defendants seek to bar plaintiff from introducing evidence or argument in support of her Title VII claim relating to the fact that Lapp failed to meet academic progress targets, or that Lapp in fact failed to meet academic progress targets.

The Court has already ruled this particular evidence is not relevant because the Board never expressed any unwillingness to renew/extend or rollover Plaintiff's contract based upon any purported failure to meet academic progress targets. Therefore, the motion is granted unless Plaintiff can show the School Board failed to renew her contract based upon the purported failure to meet academic progress targets.

15

**Defendants' Motion in Limine 17**

Here, the Defendants argue that Plaintiff should be barred from introducing evidence or argument about unequal compensation between her and other Principals because the Court ruled she could not proceed to trial on her claims her unequal compensation violated Title VII. The motion is granted as what the principals were earning does not bear on the issue of whether Plaintiff was not renewed or extended due to her sex. This Court rejected the premise that the Plaintiff was similarly situated to the male principals; that is why the Court rejected the Equal Pay Act claim and the Title VII claim based upon equal compensation. The propensity of this evidence to confuse the issues before the jury substantially outweighs any probative.

**Defendants' Motion in Limine 18**

Here, Defendants seek to bar the Plaintiff from presenting evidence or argument on the **reasonableness** of any teachers' disagreements with plaintiff, and by extension, the **reasonableness** of the District's response to any such disagreements.

This motion is granted because "[t]he relevant question [when assessing a proffered legitimate, non-discriminatory reason] is whether the justification for the adverse employment action was honest, not whether the justification is 'inaccurate or unfair.' *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir. 2011)." Thus, the issue of whether the teachers were justified in their feelings toward Plaintiff and whether the District made a wise or fair decision is irrelevant and

should be excluded pursuant to Fed. R. Evid. 402 and 403.  The relevant issue for pretext purposes is whether there were any actual complaints about Plaintiff, and whether the District ignored similar complaints about the male principals but did not do so for Plaintiff.

**Defendants' Motion in Limine 19**

In this motion, Defendants argue that back pay and front pay are considered equitable remedies to be decided by the Court, not the jury. *David v. Caterpillar, Inc.*, 324 F.2d 851, 856 (7th Cir. 2003); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000). As a result, they argue that Plaintiff should be barred from introducing evidence or argument before the jury regarding back pay or front pay.

"Under Title VII, the **court** is authorized 'to order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without **back pay** ..., or any other **equitable** relief as the court deems appropriate.'" 42 U.S.C. § 2000e–5(g)(1) (emphasis added). Also, "front pay may be awarded under Title VII in cases where reinstatement is unavailable." *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 951 (7th Cir. 1998). However, front pay is deemed equitable, and for the Court to decide, not the jury. *Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th Cir. 1991).

Therefore, this motion is granted and the Court will be free to take evidence on these damages outside the presence of the jury once liability is established.

**Defendants' Motion in Limine 20**

In this motion, Defendants seek to bar the testimony of two of Plaintiff's expert witnesses who will apparently testify to what Plaintiff's TRS retirement benefit would have been under various factual scenarios, such as if she had continued to work at Fieldcrest until various retirement ages, while receiving the same raises as male administrators received, and such as the TRS reports previously disclosed.

These witnesses are labelled "Independent Experts", which Plaintiff asserts means that they have not been retained nor are employed by the Plaintiff, which in turn means they are not required to give a written report under Rule 26(a)(2)(B). Nevertheless, under Rule 26(a)(2)(C), an expert witness who does not file a report must still provide the other side with a summary of the facts and opinion on which the witness is expected to rely. Plaintiff claims to have fulfilled these requirements because TRS benefits calculations and data were provided to the Defendants already.

Another point of the Defendants is that pension benefits are part of the front pay analysis and thus should not be presented to a jury per Motion in Limine 19. This point has merit. Pension benefits can be part of front pay. *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1142 (7th Cir. 1994) ("it would presumably not be an abuse of discretion for the court to postpone hearing any evidence concerning front pay until after the trial, since evidence of what a defendant's alleged discrimination would cost a plaintiff in future salary and benefits could

confuse or prejudice the jury in its determination of back pay, which should cover only the plaintiff's losses up until the time of trial. *See* Fed.R.Evid. 403.").

Based on the foregoing, this motion is granted in part, the Court will be free to take evidence on these damages outside the presence of the jury once liability is established.

**Defendants' Motion in Limine 21**

In this motion, Defendants again seek to bar evidence on the basis of failure to satisfy the discovery rules. Plaintiff has disclosed treating physicians, but not as experts and while her medical records have been shared, no expert reports have been filed. Thus, Defendants wish to bar these witnesses from discussing any elements of causation relating to Defendants actions and Plaintiff's medical conditions.

"[W]hen the testimony of a treating physician goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis or the future impact of the injury, the treating physician must provide a report satisfying the requirements of Rule 26(a)(2)(B)." *Krischel v. Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008).

This motion is granted in part and the treating physicians are foreclosed from providing evidence on causation to the extent that such evidence was not already noted and recorded in the then existing medical reports. Thus, if and only if the treating physicians formed opinions and such opinions were recorded in the records given to Defendants about causation as a necessary part of the treatment given to Plaintiff, may it be inquired into at trial.

**Defendants' Motion in Limine 22**

Here, Defendants wish to bar any mention of or evidence of the criminal charges of Judith McNamara, wife of Defendant Tim McNamara. She was convicted of physically assaulting a Fieldcrest student and allowed to keep her job. Plaintiff implies she wishes to present evidence that certain individual Defendants lied about knowing of the incident as impeachment.

Rule 608 of the Federal Rules of Evidence states in relevant part that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.

This motion is granted. The evidence is not relevant to any issues presented in this case and has a tremendous propensity to distract the jury or otherwise unfairly prejudice the Defendants under Rule 403.

## INDIVIDUAL LIABILITY UNDER SECTION 1983

The Court asked the parties to brief the issue of individual liability under Section 1983 for collective action taken by the Board because the Court wished to satisfy itself that there is a proper basis for such liability. In *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003), the Seventh Circuit explained that "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim" and that while "direct participation is not necessary," demonstrable acquiescence in the alleged constitutional violation is sufficient. In *Palmer*, the Court explained further that the plaintiff had to show that the individual defendant had sufficient knowledge of the constitutional deprivation. *Id*.

20

Given that precedent, the Court finds that there is sufficient potential for individual liability in this case as it is pled, but that the jury must be carefully instructed that the Plaintiff must show, by a preponderance of the evidence, that each individual defendant was motivated in his/her own decision to vote for Plaintiff's nonrenewal by the Plaintiff's sex or in the alternative, that Vincent's recommendation to the Board members of non-renewal was motivated by Plaintiff's sex, the individual Board member knew such was the case, and the individual Board member nevertheless acquiesced. Upon such a showing, Defendants must then show they would have made the same decision in the absence of the unlawful motive to avoid liability. *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989);  *Smith v. Wilson*, 705 F.3d 674, 679 (7th Cir. 2014). The jury instructions should reflect these considerations.

So ORDERED.

Entered this 19th day of March, 2015.

                                    s/ Joe B. McDade
                                    JOE BILLY McDADE
                          United States Senior District Judge